THE STATE v. MALCOLM McJ. TATOM.

A sheriff having an execution in his hands is not indictable for levying upon and seizing property in the possession of and belonging to a son of the defendant in the execution, when he acts *bona fide* under a bond of indemnity. He is liable civilly but not criminally.

The cases of *Pearson* v. *Fisher.* 1 Car. Law Repository 460, and *Denson* v. *Sledge,* 2 Dev. 36, cited and approved.

The defendants were INDICTED for a forcible trespass, in seizing and taking from the actual possession of one Lucian H. Gilmore, he being present and forbidding the same, two mules, the property of the said Gilmore. Upon the trial at the Fall Term, 1872, of BLADEN Superior Court, before his Honor, *Russell, J.,* the jury found a special verdict as follows: That Sikes had in his hands, as Sheriff of Bladen county, an execution against W. T. Gilmore in favor of one Mrs. Purdie; that the defendants Smith and McDowell, tendered the sheriff a bond of indemnity and procured him to seize the mules in the possession of L. H. Gilmore; that Sheriff Sikes directed defendant Tatom to seize the mules; that Tatom went to the house and took one of the mules in the absence of L. H. Gilmore, and had a bridle on it when L. H. Gilmore came up and forbade him from taking the mules, but

'Tatom carried them off, Gilmore yielding because he had been told by the sheriff that if resistance was made he would summon a posse and seize the mules; that the mules were not the property of W. L. Gilmore, the defendant in in the execution, but that the title to them was in L. H. Gilmore, his son, that the sheriff and Tatom acted in good faith, believing that they were performing a lawful duty, and whether upon these facts the defendants are guilty or not guilty, as charged in the bill of indictment, the jury are ignorant, and submit the same to the Court, and if the Court says that the defendants are guilty then the jury find them guilty in manner and form as charged in the bill of indictment, but if the Court says that the defendants are not guilty, then the jury so find. Whereupon it is considered by the Court that the defendants are not guilty, and from this judgment the State appealed.

*Attorney General Hargrove* and *W. McJ. McKay*, for the State.

No counsel for the defendant.

BOYDEN, J. This is a case of the first impression, to-wit: an indictment of the sheriff and those who indemnified him for levying upon property in the possession of a son of the defendant in the execution, and which was honestly supposed or rather alleged to be in fact the property of the father.

That it was the duty of the sheriff to make this levy upon the property which the plaintiff honestly believed and alleged to be the property of the defendant in the execution upon being indemnified, has been regarded as a well-settled law by the Courts and the bar in this country and in England, time whereof the memory of man runneth not to the contrary; and yet it is urged upon the Court to sanction this novel doctrine, which, if accorded, would en-

able fraudulent debtors to defeat the recovery of all the debts sought to be enforced by legal process.

In the case of *Pearson* v. *Fisher*, 1 Car. Law Repository 461, the sheriff was sued for not selling a slave upon which he had levied to satisfy the plaintiff's execution. On the day of sale, the son of the defendant in the execution claimed the slave and forbid the sale, and the sheriff for the purpose of satisfying himself as to the ownership of the slave, summoned a jury to try the question of ownership, and the jury found that the slave was not the property of the father, but was the absolute property of the son.

Thereafter the plaintiff Pearson tendered to the sheriff a bond of indemnity and required the sheriff to sell, which he refused to do, and thereupon Pearson sued the sheriff for refusing to make the sale and recovered the value of the slave. So that according to the view of the Attorney General, the sheriff was between two fires, one in front and the other in the rear, and if he discharges his duty by seizing the disputed property, he is liable to an indictment for a forcible trespass, and so also all who indemnified him; but if he fails to seize the property, then he will be liable to the plaintiff for the value of the property in dispute, should it in truth turn out to be the property of the defendant in the execution.

It is true the office of sheriff is one of heavy responsibility, and one in which error or mistake of the law on the part of the sheriff may involve him in difficulty, and subject him to loss, but surely the law will not place him in such a dilemma as to indict him for an honest discharge of a duty for which he would be responsible to the plaintiff if he refused its performance.

Such cannot be the law. In the case of *Denson* v. *Sledge*, 2 Dev. 36, it is said that a sheriff may recover upon a bond given him as an indemnity for discharging a supposed duty, as levying an execution upon disputed property, but

that no recovery can be had upon a bond to indemnify him for forbearing to make the levy.

There is no error.    This will be certified.

PER CURIAM.                        Judgment affirmed.