STATE v. W. S. ENGLAND.

*Sufficiency of Indictment—Practice—Withdrawal of Juror—Wilful Burning—Evidence.*

1. It is not error for a juror to be withdrawn by the Court and a mistrial entered in a criminal action, upon the motion of the Solicitor, where the indictment is defective. And in such case, the defendant can be tried upon another indictment.

2. An indictment for burning a stable, under ch. 228, Acts 1874-'5, which omits to allege that the burning was done with "an intent to injure or defraud" is defective.

3. An indictment for such offence under ch. 32, § 6, Battle's Revisal, which omits to allege that the burning was in the "night time" is defective.

4. On the trial of an indictment for burning a stable, evidence that the measurement of certain tracks leading from the stable towards defendant's house had been applied to the foot of the brother of the defendant who had been at first arrested for the offence, and that the measurement did not correspond, is not admissible.

(*State* v. *Davis*, 77 N. C. 483 ; *State* v. *Bishop*, 73 N. C. 44 ; *State* v. *White*, 68 N. C. 158 ; *State* v. *Duncan*, 6 Ire. 236 ; *State* v. *May*, 4 Dev. 328, cited and approved.)

INDICTMENT for Burning a Stable, tried at August Special Term, 1877, of BURKE Superior Court, before *Schenck, J.*

After the jury were impannelled, the Solicitor for the State discovered that the bill of indictment was defective, and moved the Court to withdraw a juror and order a mistrial, insisting that as the offence charged was a misdemeanor, and as the defendant upon conviction would have a right to have judgment arrested, the Court should allow the motion. His Honor being of the same opinion, withdrew a juror and a mistrial was entered. A new indictment was thereupon preferred against the defendant upon which he was tried. On this trial the defendant objected to the admissibility of certain evidence, which sufficiently

appears in the opinion of Mr. Justice BYNUM. Verdict of Guilty. Judgment. Appeal by the defendant.

*Attorney General*, for the State.

*Mr. A. C. Avery*, for the defendant.

BYNUM, J. The principle is admitted that no person shall be subject for the same offence to be twice put in jeopardy of life or limb, and upon the same principle no man shall be placed in peril of any legal penalties more than once upon the same accusation for any criminal offence whatever. But there is no jeopardy and no peril where the indictment upon which he has been charged is defective. 4 Coke, 44; Whar. Cr. Law, §§ 587,588.

The prisoner in our case was put upon his trial, and the jury impannelled and charged with his case, when upon the suggestion of the prosecuting officer that the indictment was defective, a juror was withdrawn by direction of the Court and a mistrial had, and the prisoner was afterwards tried and convicted upon another indictment for the same offence. If, therefore, the first indictment was so defective that no judgment could have been pronounced upon the prisoner in case of his conviction, it was proper to put him upon his trial upon another and sufficient indictment. We think the first indictment was insufficient. It was founded upon one of two statutes, the Act of 1868, or the Act of 1874–'75. If the first indictment was under the Act of 1874–'75, ch. 228, it was insufficient, because it did not allege the burning to have been done with an "intent to injure or defraud" specified in the Act as a material part of the offence. If it was framed under the Act of 1868–'69, Bat. Rev. ch. 32, § 6, it was defective, because it did not charge the burning to have been in the "night time," which fact it was necessary to charge and prove. The indictment was therefore bad, and it was not error to make a mistrial, and send another bill.

A more serious question is raised upon an exception to evidence upon the trial. It was in proof by the State that a bad feeling existed between the prosecutrix and Joseph England, a brother of the prisoner, who had been at first suspected and arrested for the offence. It was a case of circumstantial evidence. Tracks were found near, and leading from the stables in the direction of the prisoner's house. Several witnesses measured these tracks, and took the meas ure upon a stick. One Morris, a witness for the State, testified that he applied this measure to Joseph England's foot. The Solicitor then asked the witness if it corresponded with the tracks. The question was objected to by the prisoner, but was allowed by the Court, and the witness answered that the measure did not so correspond. This was error. The evidence was *inter alios acta*, and inadmissible. There was no allegation by the prisoner that his brother Joseph committed the offence, and no proof was offered by him tending that way. The proposition of the State is simply this: A did *not* commit the offence, *therefore*, B *did*. It is impossible to see how evidence tending to establish the innocence of A tends to establish the guilt of B, except in that very remote degree, that it lessons, by one, an indefinite number, some one of whom might have been guilty. For anything that appears, Joseph England might have been one out of an hundred or more, who could have committed the offence as well as he. Such evidence is too remote, illusory and uncertain, to be submitted to a jury. The evidence had no legal tendency to establish the guilt of the prisoner, though it was evidently introduced and used for that purpose. But it is unnecessary to enlarge, as the question has been so recently discussed in many analogous cases, where the same principle has been decided. *State* v. *Davis*, 77 N. C. 483; *State* v. *Bishop*, 73 N. C. 45;

*State* v. *White*, 68 N. C. 158; *State* v. *Duncan*, 6 Ire. 236; *State* v. *May*, 4 Dev. 328.

Error.

PER CURIAM.                    *Venire de novo.*