STATE v. J. W. SNUGGS.

*Indictment—Issuing Marriage License—Penalty.*

The issuing a marriage license by a register of deeds in violation of the statute (Bat. Rev., ch. 69, § 5, 7) is not an indictable offence. A penalty of two hundred dollars to any person suing for the same, is prescribed,

and this particular mode of proceeding excludes that by indictment, unless the illegal act be done *mala fide.* (Section 107, chapter 32 of Battle's Revisal discussed.)

(*State* v. *Loftin*, 2 Dev. & Bat. 31 ; *State* v. *Tatom*, 69 N. C., 35 ; *State* v. *Glasgow*, Conf. Rep., 38, cited and approved.)

INDICTMENT for illegally issuing a marriage license tried at Spring Term, 1881, of STANLY Superior Court, before *Eure, J.*

The indictment was quashed upon the ground that no indictable offence is charged in the bill, and the solicitor for the state appealed.

*Attorney General,* for the State.
*Mr. S. J. Pemberton,* for defendant.

RUFFIN, J. The charge against the defendant, who is a register of deeds, is that of issuing a marriage license for a female of the age of fifteen years, without the written consent of her father, in violation of the statute (Bat. Rev., ch. 69, §§ 5 and 7) and the only question is whether under the law such conduct amounts to an indictable offence.

The fifth section referred to authorizes registers upon application to issue a license for the marriage of any two persons, provided nevertheless that when either party to the proposed marriage is under eighteen years of age and shall reside with the father, &c., the register shall not issue a license for such marriage, until the written consent of the father shall be delivered to him ; and the seventh section declares that every register who shall knowingly and without inquiry issue a license for the marriage of any two persons, where either of the parties is under the age of eighteen years, without the consent required by the fifth section, shall forfeit and pay two hundred dollars to any person who shall sue for the same.

The offence is entirely dependent upon the statute. With-

out its enactment there is no law to govern the case, for by the common law, "a female at seven years of age may be betrothed or given in marriage; at nine, is entitled to dower; at twelve, is at years of maturity, and may therefore consent or disagree to marriage." 1 Blk. Com., 463.

The statute not only creates the offence but fixes the penalty that attaches to it, and prescribes the method of enforcing it, and the rule of law is that wherever a statute does this, no other remedy exists than the one expressly given, and no other method of enforcement can be pursued than the one prescribed.

The mention of a particular mode of proceeding excludes that by indictment, and no other penalty than the one denounced can be inflicted. 1 Russell on Crimes, 49 ; *State* v. *Loftin*, 2 Dev. & Bat., 31.

But it is said that the defendant is a public officer of such a character that upon entering into office he was required to take an oath of office, and that the statute (Bat. Rev., ch. 32, § 107,) declares that every such officer shall be guilty of a misdemeanor who *omits, neglects* or *refuses* to discharge any of the duties of his office. Very true, but it does not help the prosecution, for all the offences there spoken of are those of omission only, and it will not do to hold that for every illegal act done by virtue of his office, every officer is amenable to the criminal law. To do so would be to put every officer in a state of constant and imminent peril, or as said in the case of the *State* v. *Tatom,* 69 N. C., 35, " between two fires, one in front and the other in the rear." In that case it was held that a sheriff who levied upon property belonging to a person other than the defendant in the execution, was not liable to indictment, there being nothing to show that he acted *mala fide.*

On the other hand, we have not the least doubt that any officer who perverts his authority and uses it for the sake of oppression, or fraudulent gain, or any other wicked mo

tive, is guilty of an offence highly criminal in its nature and punishable by indictment, and this whether he is expected to take an oath of office or not, or whether there be any statute so declaring or not. It was so held in this state at a very early day in the case of the *State* v. *Glasgow*, Conf. Rep., 38, and seems never to have been doubted since.

These two cases seem to us to point to the true distinction. If the illegal act be done *mala fide*, then it becomes a crime, and the officer liable both civilly and criminally, but if free of any wicked intent, then he is civilly liable only.

But we need not press this point to a decision, since we are convinced that his Honor's ruling in quashing the indictment is correct, in view of the fact that the statute creates the offence, affixes the penalty, and prescribes the mode of proceeding—the mention of the particular method operating to the exclusion of every other.

No error.                                        Affirmed.