STATE v. WESLEY WRIGHT.

*Indictment for Burning Mill—Punishment.*

On conviction of a defendant, indicted under the Revised Code, ch. 34, §2, for the wilful burning of a mill house, the court may sentence him to imprisonment in the penitentiary for not less than' five nor more than sixty years. (Term of imprisonment, where indictments are drawn under different statutes, pointed out by SMITH, C. J.).

(*State* v. *England*, 78 N. C., 552; *State* v. *Thorne*, 81 N. C., 555; *State* v. *Upchurch*, 9 Ired., 454, cited and approved).

PETITION for writ of *certiorari* heard at October Term, 1883, of THE SUPREME COURT.

*Attorney-General*, for the State.
*Messrs. Hinsdale & Devereux*, for defendant.

SMITH, C. J.   The defendant's application for the writ of *certiorari*, to bring up the record of the superior court of Bladen, with the view of revising the judgment against him, as erroneous in law, presents the following facts:

The defendant was tried upon his plea of not guilty, on an indictment which charged (omitting formal parts) that he "unlawfully, wilfully, maliciously and feloniously did set fire to and burn a certain grist mill house, the property of one James McR. Robinson, there situate, contrary to the form of the statute," &c., and, being convicted, was sentenced to hard labor in the penitentiary for twenty-five years.   He is now undergoing the judgment of the court.   The defendant prayed an appeal, and perfected it as he was advised, but for some reason unknown to him it was not prosecuted.

Previous to the adoption of the constitution of 1868, which prohibits the death penalty except for the crimes of murder, arson, burglary and rape (Art. XI, §2), the offence charged in the bill was a capital felony.   Rev. Code, ch. 34, §2.

In accord with this constitutional restriction, the general assembly proceeded the next year to define and prescribe the punishment for certain enumerated offences, among which is not mentioned the burning of the building with which the defendant is charged, and enacted that:

§6. Every person convicted of any crime whereof the punishment has hitherto been death by the laws of North Carolina, existing at the time the present constitution went into effect, other than the crimes before specified in this act, shall suffer imprisonment in the state's prison for not less than five nor more than sixty years."   Acts 1868–69, ch. 167.   (Bat. Rev., ch. 32, §13).

The indictment before us cannot be sustained under the act of April 10, 1869, because a mill house is not within its terms, nor the act of March 22, 1875, since a material constituent element in the offence therein punished is omitted in the charge, to-wit, that the burning was done "with intent thereby to injure or defraud" any person. *State* v. *England*, 78 N. C., 552; *State* v. *Thorne*, 81 N. C., 555.

The criminal act imputed to the petitioner is described among the offences enumerated in the section of the Revised Code first referred to, which specifies the "wilful burning of any dwelling house, or any part thereof, or any barn, then having grain or corn in the same, or store or warehouse, *grist or saw mill house*," the penalty whereof is modified to a confinement in the state's prison for not less than five nor more than sixty years. Bat. Rev., ch. 32, §13.

It may be suggested that the case falls under section 9, instead of section 6, of the act of 1868–69, which declares that "every crime or offence whatever heretofore punishable by the laws of North Carolina, when the present constitution went into effect, *with public whipping* or other corporal punishment, shall hereafter, in lieu of such corporal punishment, be punished by imprisonment in the state's prison or county jail for not less than four months nor more than ten years." Bat. Rev., ch. 32, §29.

But the heavier penalty being prescribed for capital felonies, to which this offence belongs, it can hardly be supposed that the legislature meant to reduce it to that inferior class of felonies provided for in section 9, and which obviously embraces such only as are not included in the previous clauses of the act.

The "corporal punishment" mentioned in connection with and immediately following the words "public whipping," evidently refers to punishment short of death, inflicted upon the living body of the criminal, and, with the preceding sections, comprehends every form of punishment prohibited in the constitution, and provides a substitute.

We have not overlooked the case of the *State* v. *Upchurch*, 9 Ired., 454, in which the act of 1846 is construed as a repeal of so much of the preceding enactment as makes the burning of a mill house a capital felony, by force of the unrestricted words, "*or other building*," used in designating the house to which it applies. But while constrained to put this interpretation upon the enactment, the court proceeded to say, there is much force in the argument that the legislative intent was to constitute a new class of criminal offences, leaving untouched those already such.

In the Revised Code the phraseology of the enactment is modified so as to make it declare and effectuate the legislative will, by confining its operation to a house or building not mentioned in preceding sections 2, 7 and 30 of the chapter 34, in which the latter is contained, §103. Thus the very qualifying words are supplied, the absence of which rendered the former interpretation necessary, and defeated the supposed object of the enactment in this respect. This decision does not, therefore, contravene our view of the relations subsisting between the several enactments in the form in which they appear in the Revised Code, leaving the section in the act of 1869 to operate, under the inhibitions of the constitution, upon the unchanged offences specified in section 2, only in a substitution of a different penalty.

Upon the petitioner's own showing, then, the imprisonment which he is now undergoing was within the limit of the discretion of the judge before whom he was tried, and in the judgment there is no error. The application for the writ must be denied.

PER CURIAM.                                    Motion denied.