## STATE v. MARK PARKER.

*Indictment at Common Law.*

Where a statute makes the commission of an act "unlawful" and specifies no mode of proceeding, the violation of its provisions is a misdemeanor punishable by indictment at common law.

INDICTMENT for retailing liquor, tried at Spring Term, 1884, of CLEVELAND Superior Court, before *MacRae, J.*

The defendant was indicted for selling liquor within two and a half miles of Zion church in Cleveland county.

The indictment was preferred under the act of 1883, ch. 166, § 7, which is as follows: "That it shall be unlawful for any person to sell, or in any manner, directly or indirectly, receive compensation for any spirituous or other intoxicating liquors in the localities hereinafter named * * * within two and a half miles of Zion Baptist church, in Cleveland county." There are like inhibitions in sections four, five, and six of the act. And in section eight it is provided " that any person violating the provisions of section four, five and six of this act, shall be deemed guilty of a misdemeanor."

The defendant contended that, inasmuch as the seventh section was omitted in the enumeration of the sections of the act, the violation of which was made indictable by the eighth section, the violation of that section was not the subject of a criminal prosecution, and that therefore the defendant ought to be acquitted.

His Honor did not concur in this view, but held that "as the law made it unlawful to sell liquor as aforesaid, it was a misdemeanor to violate the same, though not so expressly declared, and charged the jury accordingly.

The defendant was convicted and appealed from the judgment pronounced.

*Attorney-General,* for the State.
*Messrs. Gidney & Webb,* for defendant.

Ashe, J. There is no error in the charge given by His Honor. No doubt the seventh section was omitted to be mentioned in the eighth section through inadvertence; or, it may be, that it was a mistake in the printer. But be that as it may, it can make no difference, for there can be no doubt, as His Honor held, that the defendant is indictable at common law.

If a statute prohibit a matter of public grievance, or command a matter of public convenience, all acts or omissions contrary to the prohibition or command of the statute, being misdemeanors at common law, are punishable by indictment, if the statute specify no other mode of proceeding. Arch. Cr. Law 2 ; 2 Hawk., ch. 25, § 4. There is no other mode of proceeding specified in the act ; *ergo*, the defendant is indictable at common law. Let this be certified, &c.

No error.                              Affirmed.