C. W. GRIFFIN v. J. C. HASTY et al.

*Negotiable instrument—Contracts—Consideration—Public Officer—Sheriff.*

1. The transferree of a negotiable instrument after maturity, takes it subject to. all the defences to which it was exposed when held by the transferror.

2. Contracts will not be enforced when resting on a consideration against good. morals, public policy, or the common or statute law.

3. When the illegal consideration enters into and forms a part of one entire and indivisible consideration, or if there be several stipulations in the contract, some legal, and some illegal, the entire contract is void.

4. A contract to indemnify a public officer for doing an act which he ought to do. is valid; one to indemnify him for doing an act which he ought not to do, or for omitting to do an act which he ought to do, is void.

5. Where there is real doubt as to the ownership of personal property and the sheriff's right to sell, he may refuse to do so unless the plaintiff in the execution indemnify him.

6. Where, in such case, there are several judgment creditors, some of whom refuse to give the indemnity, the sheriff may apportion the proceeds of the sale among such as indemnify him, to the exclusion of the others.

7. Where a sheriff had levied on personal property, alleged to belong to the judgment debtor, and upon its being claimed by a third person, released the levy and took a bond to indemnify him, in case he should be amerced, such bond of indemnity is void.

(*King* v. *Winants*, 71 N. C., 469; *Lindsay* v. *Smith*, 78 N. C., 328; *Denson* v. *Sledge*, 2 Dev., 136; *Pearson* v. *Fisher*, 1 Car. Law Rep., 72 (460); *State* v. *Tatom*, 69 N. C., 35; *Dewey* v. *White*, 65 N. C., 225; *Sharp* v. *Farmer*, 4 Dev. & Bat., 122; *Blythe* v. *Lovingood*, 2 Ired., 20; *Covington* v. *Threadgill*, 88 N. C., 186, cited and approved).

CIVIL ACTION, tried before *Shipp, Judge*, at Fall Term, 1885, of the Superior Court of UNION county.

This action, begun before a justice of the peace, and removed by defendants' appeal to the Superior Court, is for the recovery of the amount due on a note under seal, executed by the defendants, to J. W. Griffin, sheriff of Union county, and assigned by him to the plaintiff, for a valuable consideration. The claim is resisted upon an allegation of illegality in the consideration, and

in the transaction in which it originated. The pleadings before the justice are drawn out at great length, and the facts upon which the defence rests, stated in detail. After several continuances, the cause came on for trial at Fall Term, 1885, and it was agreed that the Judge should take the papers, find the facts, and render judgment at Chambers.

His Honor found the facts as follows:

"The note in suit was given to J. W. Griffin, who was at the time Sheriff of Union county. He then had in his hands an execution against the defendant Hasty, in favor of one Houston, which was levied upon personal property, which property was claimed by another person, who had a mortgage on it, and asserted his title to it; the defendant in the execution resisted the officer at the time he took possession for the purpose of sale. The officer was the deputy of the Sheriff, and, when resisted, immediately telegraphed to the Sheriff. Thereupon the Sheriff went to the place, some distance from the town. The Sheriff had previously advertised the property for sale, and had taken bond for its delivery, and had postponed the sale, from time to time, at the request of the defendant in the execution.

"When the Sheriff went to the place, he and the defendant had some negotiation, and agreed to settle upon the following terms:

"The defendant was to pay so much money at the time, and give a note for the balance of the judgment, embracing costs of transportation, &c.

"The note in suit was given in consideration of the above agreement, with the further understanding that it was not to be paid, unless the Sheriff was amerced for failure to sell. He was afterwards amerced and paid the same.

"The note was transferred to the plaintiff, after maturity, for a valuable consideration.

"There was a payment upon the note, before suit brought, of the sum of $2.00.

. " The mortgagee, one of the defendants in this action, was present at the time of the contest between the deputy Sheriff and Hasty, asserting his rights as above stated, and signed the note in suit."

The Court thereupon rendered judgment in favor of the plaintiff, from which the defendants appealed, and filed the following exceptions :

The judgment is not warranted by the findings of fact, and ought to be in defendants' favor, for that it appears therefrom that the instrument sued on was taken by the sheriff in violation of a duty which he owed the plaintiff in the execution, and was, moreover, against public policy, as an indemnity for avoiding to do that which the law, as well as the mandate of the Court, enjoined upon him to do.

The second exception is to the failure to credit the debt with the payment of two dollars, and is admitted by the appellee.

*Mr. D. A. Covington,* for the plaintiff.
*Messrs. Payne* and *Vann,* filed a brief for the defendants.

SMITH, C. J. (after stating the facts). As the plaintiff took the note under an assignment made after its maturity it passes into his hands, subject to all the infirmities and defences to which it was exposed when held by the assignor.

It is an established principle governing the law of contracts, that they will not be enforced when resting upon a consideration against good morals, public policy, or the law, common and statutory, and it is expressed in the maxim *ex turpi causa, non oritur actio.* This vitiating result follows, when the illegal purpose enters into, and forms a part of an entire indivisible consideration. *King* v. *Winants,* 71 N. C., 469. If it be the basis of several stipulations, some legal and some illegal, the whole contract is infected and rendered void. *Lindsay* v. *Smith,* 78 N. C., 328.

An illustration of the rule is afforded, in the case of a sheriff having final process in his hands, and finding property subject to seizure, in the possession of the judgment debtor, to which a third party makes claim. An indemnity given the officer for proceeding to levy and sell, in the *bona fide* purpose of contesting the validity of the opposing claim, is effectual for his protection, while such indemnity given by the claimant to induce the officer to forbear, and not proceed with the execution, would be inoperative. The distinction is, that in one case, the security is given in furtherance of official duty; in the other, in obstructing its performance.

"An agreement to induce a public officer to omit the performance of his duty is void." Chitty on Contracts, 221. A contract to indemnify a sheriff for doing that which he ought to do, is good; a contract to indemnify him for doing that which he ought not to do, is void. *Blackett* v *Cressop*, 1 Lord Ray, 278, Plowden 64. *Denson* v. *Sledge*, 2 Dev. 136—opinion of TOOMER, J. 141.

In *Pearson* v. *Fisher*, 1 Car. L. Rep. 72 (460), the sheriff was held to be personally liable for not proceeding to sell a slave, which he had levied on as the property of the judgment debtor, and which had been surrendered, upon the finding of a jury summoned by him to try the title, that the slave belonged to the son of the debtor, it appearing on the trial that the slave was liable to seizure and sale, and the plaintiff had tendered to the officer an indemnifying bond, in case he made the sale. To same effect is *State* v. *Tatom*, 69 N. C., 35. The reasons for the difference are these :

Unless the officer will sell, the plaintiff cannot test the validity of the asserted opposing claim to the property, and thus a fraudulent instrument might be made the means of defeating the execution of any practical results, as if it were *bona fide* and effectual. It is true, in equity, he may have relief without sale, by a decree declaring the claim fraudulent, and directing a sale, but the creditor has an equal right to proceed at law, and

subject the debtor's property, which he has fraudulently attempted to transfer to another, to the satisfaction of his judgment.    In case of real doubt, the Sheriff may require an indemnity before proceeding to incur a personal responsibility, and if refused, decline to act.    And so, when having several executions against the same debtor, some of the plaintiffs will, and some will not give the indemnity when demanded, the officer may apportion the fruits of his action among those of the first mentioned class, to the exclusion of the others.    *Deney* v. *White,* 65 N. C., 225.    The subject is fully treated in a recent work— Murfree on Sheriffs, chapter 13, §§580 to 635, inclusive—where the legislation of the different States is set out and explained, rendering its further discussion needless.    The cases cited in the argument, 2 Chitty on Contracts, 999 ;    *Foster* v. *Clark,* 19 Pick., 329 ; *Shotwell* v. *Hamlin,* 23 Miss., 156, when carefully examined, will not be found at variance with the general doctrine, and if they were, would not be allowed to overrule the adjudications of this Court, based as we believe, upon sound reasoning and correct principle.

Now in the application of the principle to the facts of the present case.

The execution had been levied upon personal property as belonging to the debtor.    It had been before advertised for sale, and bond taken for its delivery at the time and place of sale. The Sheriff's deputy was resisted by the defendant when he took possession for the purpose of selling.    A third party asserted a title to the property under a mortgage deed.    Upon receiving information from the deputy, the Sheriff came, and after some negotiation, he and the defendant came to an agreement, by which the defendant was to pay a certain sum in money, and give his note for the balance of the judgment.    The note in suit was given in consideration of the agreement, and upon condition that it should not be paid, unless the Sheriff was amerced for dereliction of official duty, and he was subsequently amerced and has paid the same.

It is most manifest to us, that this transaction was wholly unauthorized, and entirely repugnant to official duty. Its very and sole purpose, was to protect him in disregarding its requirements and violating the mandate of the law. He might, under these unexpected circumstances, have foreborne further action, until he could obtain indemnity from the plaintiff. But instead of this, he surrenders the property, undertakes to compromise and settle the plaintiff's demand, and then seeks to secure his own immunity, in a bond to reimburse what he may have to pay for not performing the mandate in the process directed to him. The illegality is so apparent as to require no further elucidation. *Sharp* v. *Farmer*, 4 D. & B., 122 ; *Blythe* v. *Lovingood*, 2 Ired., 20 ; *Covington* v. *Threadgill*, 88 N. C., 186.

It must be declared that there is error in the ruling. The judgment must be reversed, and a judgment here entered upon the facts found for the defendant.

Error.                                        Reversed.