### STATE v. WILLIAM BLOODWORTH.

*Special Verdict—Statute—Punishment—Fences—Indictment.*

1. An exception contained in the enacting clause of a statute creating an offence, constitutes a part of the description of the offence, and in every indictment thereunder it is necessary that it should be negatived.

2. In a special verdict, all the facts necessary to constitute the offence charged, must be especially ascertained, otherwise no judgment can be pronounced upon it, and it should be set aside and a new trial granted.

3. An indictment and a special verdict thereon for a violation of §2799 of The Code, (requiring planters to keep fences around their fields during crop time), should contain an averment and finding that there was no "navigable stream or deep water course, that shall be sufficient instead of such fence," and that "the lands are not situate within the limits of a county, township, or district, where the stock law may be in force."

4. If a statute prohibits a matter of public grievance, or commands a matter of public convenience, all acts or omissions contrary to the prohibition or command, are misdemeanors, punishable by indictment—(if the statute prescribe no other method of proceeding)—notwithstanding no punishment is prescribed in the statute.

(*State* v. *Snuggs*, 85 N. C., 541 ; *State* v. *Parker*, 91 N. C., 650; *State* v. *Long*, 74 N. C., 121 ; *State* v. *Moore*, 7 Ired., 228 ; *State* v. *Bray*, 89 N. C., 480 ; *State* v. *Blue*, 84 N. C., 807; *State* v. *Heaton*, 81 N. C., 542 ; *State* v. *Lanier*, 88 N. C., 658, cited and approved).

This was an INDICTMENT against the defendant, for not keeping a fence five feet high around his cultivated field during crop season in the year 1885, tried before *Meares, Judge*, in the Criminal Court of NEW HANOVER county, at the September Term, 1885, of said court.

The jury returned the following special verdict, to-wit: "The jury find, that the defendant was the occupier and cultivator of a farm, and that he did not have and keep a fence five feet high around the same during the crop season of the year 1885. But whether the defendant is guilty or not guilty under this bill of indictment, the jury are not instructed, and pray the instruction of the Court. If the Court shall be of the opinion that the defendant, under this finding of fact, is guilty, then the jury find that he is guilty, but if not, then that he is not guilty."

Whereupon, the Court being of opinion that the defendant is not guilty, gave judgment for the defendant, and he was discharged.

From this judgment of the Court, the Solicitor appealed to the Supreme Court.

*Atterney-General*, for the State.

No counsel for the defendant.

ASHE, J., (after stating the facts). The indictment was preferred under §2799 of The Code, which is as follows: "Every planter shall make a sufficient fence about his cleared ground under cultivation, at least five feet high, unless there shall be some navigable stream or deep water course, that shall be sufficient instead of such fence, and unless his lands shall be situated within the limits of a county, township or district, where the stock law may be in force."

The statute, it will be seen, contains two exceptions, the one that there is a *navigable stream or deep water course that shall be sufficient instead of the fence, and the other, that the land is situated within the limits of a county, township, or district, where the stock law may be in force.*

The exceptions are contained in the enacting clause, and therefore constitute a part of the description of the offence, and in every indictment under the statute, it is necessary that they should be negotiatived, in order that the description of the crime may in all respect correspond with the statute. 1 Bishop Cr. Pro., §376; *State* v. *Heaton*, 81 N. C., 542; *State* v. *Lanier*, 88 N. C., 658.

It is equally essential in a special verdict, that all the facts necessary to constitute the offence charged, should be fully and explicitly stated, to warrant the Court in pronouncing a judgment upon the verdict. *State* v. *Blue*, 84 N. C., 807 ; *State* v. *Bray*, 89 N. C., 480. Thus, in this case, it was necessary that the jury should have found the facts, whether the defendant came within the exceptions in the statute, and their having failed

to do so, renders their verdict imperfect, and when that is the case, no judgment can be pronounced upon it, and the verdict should be set aside and a new trial ordered. *State* v. *Lowry*, 74 N. C., 121; *State* v. *Moore*, 7 Ired., 228.

It was contended, that in as much as the Legislature had not declared a violation of §2799 to be an indictable offence, it is not a criminal offence to violate its provisions. But this is a mistake. In *State* v. *Parker*, 91 N. C., 650, the Court held, "if a statute prohibited a matter of public grievance, or commanded a matter of public convenience, all acts or omissions contrary to the prohibition or command of the statute, being misdemeanors at common law, are punishable by indictment, if the statute specifies no other mode of proceeding," citing for the doctrine Arch. Cr. Law, 2; 2 Hawk., ch. 25, §4. But when the Statute mentions a particular mode of proceeding, as when it imposes a penalty for its violation, and says nothing more, that proceeding excludes that by indictment. *State* v. *Snuggs*, 85 N. C., 541.

There is error. Let this opinion be certified to the Criminal Court of New Hanover county, that a *venire de novo* may be awarded to the State.

Error.                                                    Reversed.