STATE v. F. A. ADDINGTON.

*Criminal Action for Purchasing Mill Logs Without Measurement—Jurisdiction—Mill Logs—Standing Timber.*

1. Section 1 of Chapter 173, Acts of 1895, makes it unlawful "to sell or purchase mill-logs in quantities of 1 000 feet or more without their being inspected and measured by a sworn inspector" while Section 6 provides that "no mill owner or his employee shall have or cause to have mill-logs cut by the 1,000 feet without their being inspected and measured by a sworn inspector." The only penalty prescribed for a violation of the Act is in Section 8 which provides that "any violation of this Act either by seller or purchaser shall be fined not less than $20 nor more than $40 for each offense at the discretion of the Court; *Held*, (1) that the penalty prescribed by the Act applies only to the offense forbidden by Section 1 of which a Justice of the Peace has jurisdiction (2) that as no penalty is prescribed for the violation of Section 6 it is a misdemeanor unlimited as to its punishment and, therefore, cognizable only in the Superior Court and not within the jurisdiction of a Justice of the Peace.

2. The term "mill logs" or "saw logs" does not include "standing timber" in the meaning of Section 1, Chapter 173, Acts of 1895, which makes it unlawful to sell or purchase mill logs in quantities of 1,000 feet or more without inspection and measurement by a sworn inspector.

CRIMINAL ACTION commenced before a Justice of the Peace and tried on appeal before *Bryan, J.*, and a jury at Spring Term, 1897, of BEAUFORT Superior Court, charging the defendant with violating Chapter 173, Acts of 1895, as amended by Chapter 200, Acts of 1897. In the Superior Court a special verdict was rendered and his Honor being of the opinion thereupon that the defendant was not guilty so adjudged and the State appealed.

*Messrs. Zeb V. Walser, Attorney General* and *B. B. Nicholson*, for the State (appellant).

*Messrs. Charles F. Warren* and *J. H. Small*, for defendant.

DOUGLAS, J.: This is a criminal action begun before a

Justice of the Peace, appealed to the Superior Court, and there tried on the original papers without indictment.   The affidavit on which the warrant was issued charges that the defendant "did unlawfully and wilfully violate Statute of North Carolina of 1895 as amended by Statute of 1897, respecting the measuring of logs at said Baltimore and North Carolina Land & Lumber Company, by refusing to pay the regular sworn inspector for measuring certain logs as provided in aforesaid Statute, belonging to one Bryan Hardison" . . . .   As the Statute, so indefinitely referred to, creates two distinct offences, neither of which is specifically set out in the affidavit or warrant, we must look to the special verdict to ascertain for which offence the defendant was actually tried.   The Statute alleged to have been violated is Chapter 173- of the Public Laws of 1895 as amended and extended to Beaufort County by Chapter 200 of the Public Laws of 1897, the Sections herein referred to being in the original Act.

Section 1 provides, "That it shall be unlawful for any person to sell or purchase mill-logs in quantities of one thousand feet or more without their being inspected and measured by a sworn inspector."

Section 6 provides that "No mill owner or his employee shall have or cause to have mill-logs cut by the thousand feet without their being inspected and measured by a sworn inspector."

Section 8 provides that "Any violation of this Act *either by seller or purchaser shall be fined* not less than twenty nor more than forty dollars for each offence, at the discretion of the Court."   This Section, the only one providing any penalty, being limited to the "seller or purchaser" can apply only to Section 1.   Therefore Section 6 is left without any penalty so far as this Act is concerned but, being a matter of public grievance expressly forbidden by Statute,

it becomes a misdemeanor as at common law punishable by indictment. Archbold Crim. Law, 2, Hawk., Chapter 25, Section 4; *State* v. *Parker*, 91 N. C., 650; *State* v. *Bloodworth*, 94 N. C., 918. As its punishment is therefore not limited to a fine of fifty dollars or imprisonment for thirty days, it is not within the jurisdiction of a Justice of the Peace. Const. of N. C., Art. IV, Section 27; *Code*, Section 892.

The special verdict finds, as the only act of sale or purchase, that the lumber company, of which the defendant was vice president, purchased *standing timber* from J. Bryan Hardison on the 29th day of November, 1896, and fully paid for it before the passage of the amendatory Act of March 2, 1897, which extended the operation of the Act to Beaufort County. This constitutes no offence whatever, as the Act being criminal can not operate *ex post facto*; and, moreover, "standing timber" is not referred to in the Act. The word "log" has a definite significance, and means the trunk of a tree cut down and stripped of its branches. A saw-log means a log cut into a length suitable for being sawed into lumber. A tree standing in the woods can no more be called a saw-log because it is capable of being cut into a saw-log, than it can properly be called a plank or a shingle from its capability of being sawed into those articles.

If, by any stretch of interpretation, "saw-logs" could be construed to include "standing timber", then the offence would be complete at the instant the purchase or sale was completed without measurement. How the standing timber of an extensive swamp can be measured "by the superficial or board measure" we cannot comprehend. No law could stand such a construction.

The only offence of which the defendant can be guilty under the special verdict, if guilty at all, is that of having mill-logs cut by the thousand feet in violation of Section 6. This offence we have seen is not within the jurisdiction of a Justice of the Peace.

We have not overlooked the other difficult and interesting questions raised in this case, but we do not feel at liberty to ignore the vital question of jurisdiction so clearly stated and ably argued by the learned counsel, simply to express an opinion upon matters not properly before us.