STATE v. WILL PIERCE.

(Decided December 23, 1898).

*Felony—Misdemeanor—Burning a Gin House—Motion in Arrest of Judgment — Temporary Absence of Prisoner.*

1. An indictment which charges that the defendant did unlawfully, wilfully and feloniously set fire to and burn a certain gin house belonging to J. L. Bennett is a valid indictment under *The Code*, Section 985 (2).

2. Where a statute either makes an act unlawful, or imposes a punishment for its commission, such act becomes a crime, without any express declaration to that effect. In the former case, it is a misdemeanor—in the latter, a felony or misdemeanor according to the nature of the punishment prescribed.

3. Temporary absence of the prisoner from the court room during the trial, during the argument of his counsel, who waives the objection and proceeds with his argument, is no ground of exception in a case not capital.

INDICTMENT for burning a gin house, tried before *Starbuck, J.*, at Fall Term, 1898, of the Superior Court of UNION County.

The indictment charged that the defendant did unlawfully, wilfully and feloniously set fire to and burn a certain gin house belonging to J. L. Bennett and in possession of one G. W. Bailey.

The defendant was convicted.

He moved for a new trial on the ground that during his absence from the court room the Court had proceeded with the trial.

The facts were: That the Court had taken a recess, and on reassembling, the Court not noticing that the prisoner had not been brought in, his counsel commenced his address to the jury—the Solicitor brought to the at-

tention of the Court that the prisoner was not in court; his counsel then said he would waive that objection and proceeded with his address for a few minutes, when the prisoner was brought into court.

His Honor refused the motion.

The prisoner then moved in arrest of judgment for defect in the bill of indictment. The ground of the objection is fully stated in the opinion. There were other exceptions in the case which this Court concluded did not require discussion. Motion in arrest refused. Judgment and appeal.

*Messrs. Adams & Jerome, Armfield & Williams*, for defendant (appellant).

*Mr. Zeb V. Walser, Attorney General*, for the State.

CLARK, J: The indictment charges that the defendant "did unlawfully wilfully and feloniously set fire to and burn a certain gin house, belonging to J. L. Bennett and in the possession of one G. W. Bailey." Verdict of guilty and defendant moved in arrest of judgment for that *The Code*, Section 985 (6) has been amended (Laws 1885, Chapter 66) by striking out the words "unlawfully and maliciously" and inserting in lieu thereof "wantonly and wilfully" and that the words used in the indictment are not synonymous with those required by the amended statute. The objection would be well taken if this indictment was sustainable only under subsection 6 of Section 985. *State* v. *Morgan*, 98 N. C., 641; *State* v. *Massey*, 97 N. C., 465. But it is a valid indictment under *The Code*, Section 985, sub-section 2, as was held in *State* v. *Thorne*, 81 N. C., 555, cited and followed by *State* v. *Green*, 92 N. C., 779.

The defendant, however, insists that sub-section 2,

Section 985, does not create an offence because it merely prescribes that "every person convicted of" the acts therein described "shall be imprisoned in the penitentiary not less than five nor more than ten years" and does not expressly add that such person shall be guilty of a felony. The objection is without force. Convictions under sub-section 2 were expressly sustained in the two cases last cited and its validity has also been directly recognized in *State* v. *England*, 78 N. C., 552, and *State* v. *Wright*, 89 N. C., 507. Indeed, the doctrine is well settled that where the statute either makes an act unlawful, or imposes a punishment for its commission, such act becomes a crime without any express declaration that it shall be a crime or of its grade. In the former case, it is a misdemeanor, and in the latter a felony or a misdemeanor according to the nature of the punishment prescribed. Laws 1891, Chapter 205; *State* v. *Parker*, 91 N. C., 650; *State* v. *Bloodworth*, 94 N. C., 918; *State* v. *Addington*, 121 N. C., 538. Indeed, the Court has held recently that the bare addition to Section 35 of *The Code* of a provision that one found to be the father of a bastard child, upon an issue of paternity, shall be "fined" "not exceeding $10, which shall go to the school fund," of itself nothing more being said, made the father guilty of a crime, and changed the proceeding from a civil action, as it had always theretofore been recognized, into a criminal action with all the incidents following such change. In *State* v. *Ostwalt*, 118 N. C., (at page 1212) the Court says: "It seems never before to have been doubted that the Legislature creates a criminal offence whenever it prescribes that a certain act shall be punishable either by fine or imprisonment, or forbids it generally, and by implication empowers the court to impose either fine or

imprisonment." The dissenting opinions in *State* v. *Ostwalt, supra,* and in *State* v. *Ballard,* 122 N. C., 1024 (which hold bastardy a criminal offence) do not controvert that as a general proposition, but rest upon the ground that the bastardy act, taken as a whole, and the construction the courts had uniformly placed upon it, and the nature and purpose of the proceeding negative the inference of any intention in the Legislature to change the proceeding into a criminal action, with its grave inconveniences, from the incidental provision (in one section of the chapter on bastardy) of $10 for the school fund—a doctrine analogous to that of *State* v. *Snuggs,* 85 N. C., 541—but the majority of the Court settled the law otherwise. If the incidental imposition of "not exceeding $10" for benefit of the school fund creates a crime, *a fortiori* a provision that "every one convicted of the wilful burning of a gin house . . . . . shall be imprisoned in the penitentiary not less than five nor more than ten years," creates a crime.

"During the argument there was a recess of the court at noon and defendant was taken to the jail. Upon re-assembling of court, one of defendant's counsel began his argument to the jury. Defendant had not been brought into court but the Court did not notice his absence until defendant's counsel had proceeded with his argument about a minute, when the Solicitor suggested that the defendant was in custody and not in court. Thereupon the defendant's counsel stated he would waive defendant's presence, and proceeded with his argument. About ten minutes later the Sheriff produced the defendant in court." No exception was taken to this at the time, and it was too late to make this exception for the first time in the appellant's case on appeal, which is admissible only as to exceptions to the charge.

*Taylor* v. *Plummer*, 105 N. C., 56; *Lowe* v. *Elliott*, 107 N. C., 718; *Blackburn* v. *Ins. Co.*, 116 N. C., 821. But had the exception been taken at the time, it would not have availed the defendant, in a case not capital, unless it had been clearly made to appear that he had been prejudiced thereby. *State* v. *Paylor*, 89 N. C., 539.

The other exceptions in the case do not require discussion.

No error.