STATE v. THOMAS PINKNEY BISHOP.

(Filed 19 December, 1947.)

**1. Criminal Law § 3: Common Law—**

    The Common Law Rule obtains in this State that where a statute enacted in the public interest commands an act to be done or proscribes the commission of an act, and no penalty is expressly provided for its breach, its violation may be punished as for a misdemeanor. G. S., 4-1.

**2. Same: Monopolies § 5—**

Chap. 328, Session Laws of 1947, providing that the right to work shall not be denied on account of membership or non-membership in any labor organization is declaratory of public policy and was enacted in the interest of the public welfare, and therefore the violation of its provisions is a criminal offense punishable as for a misdemeanor, notwithstanding the failure of the statute to prescribe a penalty for its breach. G. S., Chap. 75. The fact that the act incidentally provides for the redress of private injuries does not alter this result.

DEFENDANT's appeal from *Nettles, J.,* at July Term, 1947, of BUNCOMBE.

The defendant was charged in the warrant with violation of Chapter 328, Session Laws of 1947, by requiring one Fred Smith to become or remain a member of a labor union, to wit: The Brotherhood of Painters, Decorators and Paper Hangers of America, Local Union #839, as a condition of employment or continuation of employment by said Bishop; and in a similar count particularly referring to sections 3 and 5 of that chapter and Chapter 75 of the General Statutes. Chapter 328 is set out in full in the companion case, *S. v. Whitaker, et al., ante,* 352, and reference is made to that case for the text. Chapter 75 of the General Statutes makes combinations, conspiracies and contracts in restraint of trade illegal and punishable as misdemeanors.

When the case came on for hearing the defendant moved to quash the warrant because it did not charge a criminal offense, in that the statute upon which it was based did not make it a criminal offense to do the acts alleged. The motion was overruled and defendant pleaded not guilty.

H. C. Caldwell, for the State, testified that the defendant told him he had never employed any person unless he was in good standing in the Brotherhood of Painters, Decorators and Paper Hangers, and in Buncombe County the local union of this organization No. 839. He had an employee named Fred Smith, a painter, and on 26 May, 1947, Smith came to him (the defendant) and told him he had dropped out of the union and was not going to become a member again by payment of dues and reinstatement. Bishop said, "You are fired right now—get your tools and get off the job—for I ain't going to work anybody who is not a union man in good standing." Smith replied, "You can't do that to me. The law says you can't require me to become or remain a member of a labor union or labor organization as a condition of employment or continuation of employment." Bishop then told him, "You can't work for me until you renew your union card, for I am requiring you as a condition of employment or continuation of employment to pay all union fees, dues and charges to Local No. 839 of the Brotherhood of Painters, Decorators and Paper Hangers."

The evidence discloses that Smith left the job, and returned about four or five days later asking, "Will you give me my job back if I pay up all dues, fees and other charges?" and was told that he would be given the job back on that condition but not otherwise. Smith then paid to the union all his dues and reinstatement fee, exhibited his receipts to Bishop and was put back to work, because he was a union man again, but would not have been re-employed if he had not done so, and would have to remain so to hold his job.

At the conclusion of the evidence the defendant demurred and moved to nonsuit. The motion was overruled and defendant excepted. There was a verdict of guilty. The defendant moved to set aside the verdict for error committed on the trial. The motion was overruled and defendant excepted.

The defendant moved in arrest of judgment for that the law on which the warrant was based did not create or declare any criminal offense; and because the law was unconstitutional, in violation of the Fourteenth Amendment of the United States Constitution, Article VI, Section 2, of the United States Constitution, and Article I, Sec. 17, of the Constitution of North Carolina; and that it was in conflict with the Labor-Management Act of 1947.

The motion in arrest of judgment was overruled and defendant excepted. Judgment was pronounced that defendant pay a fine of $50.00, to which defendant objected, excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*George Pennell and Padway, Woll, Thatcher, Kaiser, Glenn & Wilson By: Herbert S. Thatcher—for defendant, appellant.*

SEAWELL, J. The constitutional questions found in the record are not brought forward in the appellant's brief or argued orally. The same questions were raised in the companion case, *S. v. Whitaker, et al., ante,* 352, and are there discussed.

The defendant relies upon the theory that the statute under which he is indicted does not make the acts which it forbids or commands violations of the criminal law, since it does not declare them so or provide a punishment. It is suggested that the most it does is to provide, in Sec. 6, that a person deprived of employment in violation of Secs. 3, 4, and 5, or either of them, may recover such damages as he may have sustained.

At the Common Law, which, by virtue of the statute G. S., 4-1, is in force in this State, and, with respect to the point presented remains unchanged, when a statute, in the interest of the public, commands an act to be done or forbids an act, and no penalty is expressly provided for

its nonobservance or breach, the offending person may be punished as for a misdemeanor. This rule, as it obtains in this jurisdiction, is correctly stated in 22 C. J. S., p. 77, S. 25.

"However, on the other hand, it is held that where a statute prohibits any matter of public grievance or commands a matter of public convenience, although no penalty is prescribed for disobeying its prohibitions and commands, an indictment will be sustained and the offense punished by a fine; and if the Legislature denounces an act as a misdemeanor, but fixed no punishment, the Court may fix the punishment within the limits of punishment for misdemeanors."

*S. v. Addington,* 121 N. C., 538, 27 S. E., 938; *S. v. Bloodworth,* 94 N. C., 918; *S. v. Brown,* 221 N. C., 301, 20 S. E. (2d), 286.

*S. v. Addington, supra,* is explanatory and declaratory of the statutory construction obtaining here:

"Section 8 provides that 'Any violation of this Act, *either by seller or purchaser, shall be fined* not less than $20 nor more than $40 for each offense, at the discretion of the court.' This section, the only one providing any penalty, being limited to the 'seller or purchaser,' can apply only to section 1. Therefore, section 6 is left without any penalty, so far as this act is concerned, but, being a matter of public grievance expressly forbidden by statute, it becomes a misdemeanor, as at common law punishable by indictment. Archbold Crim. Law, 2 Hawk., ch. 25, sec. 4; *S. v. Parker,* 91 N. C., 650; *S. v. Bloodworth,* 94 N. C., 918. As its punishment is, therefore, not limited to a fine of $50 or imprisonment for thirty days, it is not within the jurisdiction of a justice of the peace. Const. of N. C., Art. IV, sec. 27; Code, sec. 892."

And in *S. v. Bloodworth, supra,* where a similar contention was made by the appellant, it is said:

"It was contended, that inasmuch as the Legislature had not declared a violation of Sec. 2799 to be an indictable offense, it is not a criminal offense to violate its provisions. But this is a mistake. In *S. v. Parker,* 91 N. C., 650, the Court held, 'if a statute prohibited a matter of public grievance, or commanded a matter of public convenience, all acts or omissions contrary to the prohibition or command of the statute, being misdemeanors at common law, are punishable by indictment, if the statute specifies *no other mode of proceeding,'* citing for the doctrine Arch. Cr. Law, 2; 2 Hawk., Ch. 25, Sec. 4. But when the Statute mentions a particular mode of proceeding, as when it imposes a penalty for its violation, and

says nothing more, that proceeding excludes that by indictment. *S. v. Snuggs,* 85 N. C., 541."

There can be no question that the statute under review has for its main purpose the promotion of the public interest, deals with public policy, and is intended to promote the welfare of the whole public rather than sow the seeds of private litigation. The fact that it incidentally provides for the redress of private injuries does not deprive it of that character.

"Section 1. The right to live includes the right to work. The exercise of the right to work must be protected and maintained free from undue restraints and coercion. It is hereby declared to be the public policy of North Carolina that the right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization or association."

It is not a mere fulmination. It is aimed at a practice which, to the legislative mind, was detrimental to the public welfare, and intends that nobody within its jurisdiction shall be compelled to pay unwilling tribute to any organization or union whatsoever before being permitted to work for a living in the most ordinary occupation in life. In this character it must stand or fall; and it is well within the rule of the cited cases.

Defendant's exceptions, as above set out, do not disclose merit, and his several motions were properly overruled.

The constitutional questions presented in the record were argued in *S. v. Whitaker, et al., ante,* 352, and will be found there discussed.

We find

No error.