STATE OF NORTH CAROLINA v. WHITLEY JEROME BAGGETT

No. 828SC978

(Filed 5 April 1983)

1. Criminal Law § 73.1 — hearsay statement—admission as harmless error

While a robbery victim's testimony that a police officer told her that she had picked out the same photograph twice was incompetent to prove that she had, in fact, picked the same photograph both times, the admission of such testimony was not prejudicial error where other testimony by the victim clearly established that she had twice picked out the same photograph.

2. Criminal Law § 35 — confession by another—inadmissibility as declaration against penal interest

An officer's proffered testimony that a third person came to the police department and said that he had committed the robbery for which defendant was on trial and that he did not want to see defendant go to jail did not come within the hearsay exception for declarations against penal interest and was inadmissible where the declarant was available to testify; the evidence that the third person confessed was not necessarily inconsistent with defendant's guilt because defendant's accomplice in the crime remained unidentified; and the third person's statement was not voluntary and reliable since he testified on voir dire that he had not been involved in the robbery but confessed only because of threats.

3. Criminal Law § 35 — repudiated confession by third person—inadmissibility

The trial court properly excluded testimony by a witness that he had confessed the day before to the robbery for which defendant was on trial where the witness on voir dire unequivocally repudiated his confession and testified that he had confessed because of threats and knew nothing about the robbery, since such testimony could not have been probative of defendant's involvement in the robbery and would have served only to introduce speculative and conjectural evidence before the jury.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 6 May 1982 in WAYNE County Superior Court. Heard in the Court of Appeals 11 March 1983.

Defendant was tried on a properly drawn indictment for robbing Maybelle Norris with a firearm. From judgment entered on a jury verdict of guilty of robbery with a firearm, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*W. Carroll Turner for defendant.*

WELLS, Judge.

Mrs. Norris, the victim, testified for the State. She testified that she had been robbed by two men, one of whom had been wearing a blue coat and wielding a pistol. She identified defendant as the man who had worn the blue coat. She had visited the police department on two occasions after she was robbed. On each visit, she looked through photographs that the police had, trying to identify the two men who had robbed her. On her first visit, the day she was robbed, she did not take her glasses with her. Mrs. Norris picked out two photographs on her first visit. She was nearly positive that she had correctly identified one photo as a photo of defendant, but she wanted to see the picture again with her glasses. She returned with her glasses the next day and picked out a photograph which she believed showed the robber who had worn the blue coat. That was a photograph of defendant. Over defendant's objection, Mrs. Norris was allowed to testify that when she picked out defendant's photograph on the second day she asked a police officer if she had picked the same photograph the day before and that the officer responded that she had. On both redirect and recross examination, Mrs. Norris testified without objection from defendant that she picked out the same photograph both times.

[1] By his first assignment of error, defendant contends that the trial court erred in allowing Mrs. Norris to testify that the police officer told her that she had picked out the same picture twice. Defendant correctly asserts that Mrs. Norris's testimony as to what the police officer said was incompetent to prove that she had, in fact, picked out the same photo both times. *See generally* 1 Brandis on North Carolina Evidence §§ 138-141 (1982). Nevertheless, on the facts of this case, defendant could not have been prejudiced by the admission of Mrs. Norris's answer because her other testimony clearly established that she had, in fact, picked out the same photo both times. This assignment is overruled.

In his second assignment of error, defendant contends that the trial court erred in not allowing him to offer testimony of a police officer and of Murray DeMorris McClain to the effect that McClain had confessed to the crime for which defendant was being tried.

State v. Baggett

On the first day of defendant's trial, McClain, an acquaintance of defendant, came to the courthouse and confessed to robbing Mrs. Norris, telling Sergeant R. D. Hart that he hated to see defendant go to jail. McClain was then advised of his *Miranda* rights, and an attorney was appointed to represent him. From the record, it appears that McClain made no further statements that day. On the second day of defendant's trial, defendant sought to call McClain as a witness. McClain was granted immunity by the prosecution and the court ordered that the jury be excused and a *voir dire* conducted. On *voir dire*, McClain admitted that he had confessed to Officer Hart the day before but further testified that his confession had been a lie, and that he was not involved in the robbery of Mrs. Norris. McClain testified that he was a friend of defendant. On the night before defendant's trial, McClain testified he received an anonymous phone call. The caller told McClain to confess to the robbery lest he be killed. McClain had been drinking whiskey when he received the call and he drank more after receiving the call. When he awoke the next morning, he drank some more and, intoxicated, went to the courthouse where defendant was being tried. McClain testified that the first person he told about the threats was his attorney who was appointed after McClain confessed. On *voir dire*, McClain testified that he was then sober, that he had not been involved in the robbery of Mrs. Norris, and that he had confessed the day before only because he was scared. The trial judge found that McClain's confession was not voluntary and that McClain knew nothing about the robbery of Mrs. Norris and refused to allow defendant to call McClain as a witness, ruling that McClain's confession was not admissible as a declaration against penal interest. Defendant also sought to call Officer Hart to testify that McClain had confessed to the robbery. The trial judge, concluding that he had already ruled on the question, denied defendant's request.

It is clear from the record what the witnesses would have said had defendant been allowed to call them. Officer Hart would have testified that McClain came to the police station of his own initiative and said that he had robbed Mrs. Norris and that he did not want to see defendant go to jail. McClain would have testified that he had been granted immunity, that he and defendant had been friends, he had not been involved in the robbery, and that he had confessed the day before because of threats.

Evidence tending to show that another person committed the crime a defendant is being tried for is generally admissible when it tends to prove that the defendant did not commit the crime. *State v. Hamlette*, 302 N.C. 490, 276 S.E. 2d 338 (1981); 1 *Brandis* § 93. Evidence of commission of the crime by another is properly excluded when such evidence is so remote as to create only an inference or conjecture as to the other's guilt. *State v. Hamlette, supra;* cases cited in 1 *Brandis* § 93, note 32. When such exculpatory evidence is in the form of an earlier statement by a person other than the witness testifying, the evidence of the earlier statement may only be admitted if it falls within the hearsay exception for declarations against penal interest. *State v. Haywood,* 295 N.C. 709, 249 S.E. 2d 429 (1978). In *Haywood,* writing for the Court, Chief Justice Sharp set out the following requirements for admission of declarations against penal interest:

(1) The declarant must be dead; beyond the jurisdiction of the court and the reach of its process; suffering from infirmities of body or mind which preclude his appearance as a witness either by personal presence or by deposition; or exempt by ruling of the court from testifying on the ground of self-incrimination. As a further condition of admissibility, in an appropriate case, the party offering the declaration must show that he has made a good-faith effort to secure the attendance of the declarant.

(2) The declaration must be an admission that the declarant committed the crime for which defendant is on trial, and the admission must be inconsistent with the guilt of the defendant.

(3) The declaration must have had the potential of actually jeopardizing the personal liberty of the declarant at the time it was made and he must have understood the damaging potential of his statement.

(4) The declarant must have been in a position to have committed the crime to which he purportedly confessed.

(5) The declaration must have been voluntary.

(6) There must have been no probable motive for the declarant to falsify at the time he made the incriminating statement.

(7) The facts and circumstances surrounding the commission of the crime and the making of the declaration must corroborate the declaration and indicate the probability of trustworthiness.

[2]   With regard to Officer Hart's testimony as to McClain's confession, the trial judge properly excluded such evidence because Hart's testimony could not have met the *Haywood* requirements for admissibility. The declarant, McClain, was available to testify. The evidence that McClain confessed to being involved with the robbery was not necessarily inconsistent with defendant's guilt; defendant's accomplice remained unidentified and all McClain had said was that he had robbed Mrs. Norris. McClain's statement was not voluntary. Moreover, McClain's declaration was made under circumstances that rendered it unreliable because he had motives to falsify at the time he confessed.

[3]   With regard to McClain's testimony, we hold that the trial judge properly disallowed it, albeit for the wrong reason. Had McClain been allowed to testify that he had confessed the day before, his testimony would not have been hearsay because it was the declarant who was on the stand. *See generally,* 1 *Brandis* § 138. Thus, to be admissible, McClain's testimony did not have to meet the *Haywood* requirements for admissibility of hearsay declarations against penal interests. McClain's testimony, however, to be probative of defendant's innocence must be more than speculative or conjectural in nature. McClain's *voir dire* testimony showed that he was a friend of defendant and he did not want defendant to go to jail and that he had been granted immunity and could have taken the blame for the crime with which defendant had been charged without compromising his own interests. McClain, represented by counsel, unequivocally repudiated his prior confession and admitted that he knew nothing about the crime defendant was charged with. These circumstances clearly show that McClain's testimony could not have been probative of defendant's involvement in the robbery and would only serve to introduce speculative and conjectural evidence before the jury. This assignment is overruled.

Defendant received a fair trial free of prejudicial error.

No error.

Judges HILL and JOHNSON concur.