STATE OF NORTH CAROLINA v. JOHNNY LEE ALLEN

No. 8527SC1240

(Filed 6 May 1986)

Criminal Law § 35— similar robbery by another person—evidence properly excluded

The trial court properly excluded evidence offered by defendant that two months after the fast food restaurant robbery in question another person resembling defendant and utilizing a similar *modus operandi* robbed another fast food restaurant since such evidence does not point directly to another person's guilt of the crime with which defendant was charged and does not rebut the identification of defendant by eyewitnesses as the perpetrator of the robbery in question. N.C.G.S. 8C-1, Rule 402.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 11 July 1985 in CLEVELAND County Superior Court. Heard in the Court of Appeals 14 April 1986.

Defendant was convicted of robbery with a dangerous weapon. The State's evidence tended to show that shortly after 10:00 p.m. on 13 January 1985 a man brandishing a gun forced his way inside the rear door of a Hardee's restaurant in Shelby. The robber pointed the gun at one of the employees and said, "Let's go for the money." He then made his way to the office area where he ordered four of the five employees to lie face down on the floor. He then pulled out the receiver from the office telephone and

ordered the assistant manager to "stuff my pockets." After receiving the money, the robber fled the scene.

Subsequent to the robbery, defendant was identified by the five eyewitnesses as the robber.

Defendant presented evidence which tended to show that at the time of the robbery he was in Kings Mountain watching movies and playing cards with friends. Evidence was proffered by defendant that another individual resembling defendant used a *modus operandi* similar to that in the Hardee's robbery committed later in Shelby. This evidence was excluded after a *voir dire* hearing.

*Attorney General Lacy H. Thornburg, by Associate Attorney Angeline M. Maletto, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender David W. Dorey, for defendant-appellant.*

WELLS, Judge.

In his sole assignment of error, defendant contends that the trial court erred in not allowing him to offer evidence of a similar robbery. He argues that evidence that another robbery perpetrated by a man resembling defendant and utilizing an almost identical *modus operandi* was directly and substantially relevant to the sole issue in dispute, *i.e.*, identity of the perpetrator of the robbery. He argues also that the exclusion of this evidence violated the Rules of Evidence and denied him the right to present a full defense. We disagree.

As a general rule, evidence that another person committed a crime with which a defendant is charged is admissible when "it points directly to the guilt of the third party." *State v. Hamlette*, 302 N.C. 490, 276 S.E. 2d 338 (1981); *State v. Jenkins*, 292 N.C. 179, 232 S.E. 2d 648 (1977). Evidence tending to show that the crime was committed by another is inadmissible, however, when such evidence creates only an inference or conjecture as to the other's guilt. *State v. Hamlette, supra; State v. Baggett*, 61 N.C. App. 511, 301 S.E. 2d 116 (1983).

In the present case, the proffered evidence was, in essence, that another person, bearing a resemblance to defendant and util-

izing a *modus operandi* similar to that used in the Hardee's robbery, robbed another fast food restaurant two months after the Hardee's robbery. There was no evidence, however, that the other person committed the crime with which defendant was charged. Stated another way, the proffered evidence does not point directly to the other person's guilt of the crime with which the defendant was charged. Neither does the proffered evidence in any way refute the identification of the defendant by the eyewitnesses as the perpetrator of the robbery. Therefore, the proffered evidence could do nothing more than create an inference or conjecture as to another's guilt of the crime charged and it was therefore properly excluded.

Defendant contends, however, that despite the decisional law to the contrary, on which we have relied, his proposed evidence was admissible under N.C. Gen. Stat. § 8C-1, Rule 402 of the Rules of Evidence. Rules 401 and 402 in pertinent part provide:

> Rule 401. *Definition of "relevant evidence."* "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

> Rule 402. *Relevant evidence generally admissible; irrelevant evidence inadmissible.* All relevant evidence is admissible . . . . Evidence which is not relevant is not admissible.

The Advisory Committee's Commentary to Rule 401 notes: "Problems of relevancy call for an answer to the question of whether an item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence." This view is in accord with the decisional law of this State. *See, e.g., State v. Silhan,* 302 N.C. 223, 275 S.E. 2d 450 (1981) (Evidence is relevant if it has any logical tendency, however slight, to prove the fact in issue); *see also* 1 Brandis, N.C. *Evidence* § 77 (2d rev. ed. 1982). Defendant's proffered evidence, having been offered to refute the eyewitnesses' identification of defendant as the robber, was so weak, so speculative and uncertain, that it did not possess sufficient probative value to justify receiving it in evidence. The Rules of Evidence simply do not help defendant on this issue.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge MARTIN concur.