STATE v. KNOX

[95 N.C. App. 699 (1989)]

STATE OF NORTH CAROLINA v. JAMES KNOX, JR.

No. 8926SC57

(Filed 3 October 1989)

1. **Constitutional Law § 28— two crimes arising from same transaction—indictment for second not product of prosecutorial vindictiveness—no formal plea offer by prosecution**

   In a prosecution of defendant for attempted robbery with a dangerous weapon and robbery with a dangerous weapon, there was no merit to defendant's contention that the second indictment was the product of prosecutorial vindictiveness where defense counsel knew of the second pending complaint; the two complaints arose from the same criminal transaction but involved different victims; and there was never a formal plea offer by the prosecution to indicate any motive for actual prosecutorial vindictiveness.

2. **Criminal Law § 35— evidence that victims confused defendant and his brother—evidence properly excluded**

   In a prosecution for attempted armed robbery of restaurant employees, the trial court did not err in excluding testimony as to whether any of the employees had confused defendant with his brother where there was no proof that another person was even remotely connected with the crime; defendant did not seek to offer evidence that another person had committed the crime; defendant sought instead to introduce evidence that there was probably someone in the community who might have resembled defendant and thereby caused the witnesses all to make an error in their identification; and, based on the extensive identification testimony given by the victims and the lack of evidence linking another person to the crime, the evidence tendered by defendant was pure conjecture.

APPEAL by the defendant from *Allen (C. Walter), Judge.* Heard in the Court of Appeals 30 August 1989.

On 7 March 1988, the Mecklenburg County grand jury returned an indictment charging the defendant, James Knox, with attempted robbery with a dangerous weapon in 87CRS78819. On 31 May 1988, the Mecklenburg County grand jury returned an indictment charging defendant with robbery with a dangerous

weapon in 88CRS37886. Prior to trial, defendant moved to dismiss the indictment in 88CRS37886 on the grounds that it was the product of prosecutorial vindictiveness. The trial judge denied defendant's motion to dismiss. On 19 August 1988, a jury found defendant guilty of both charges. On 19 August 1988, Judge Allen imposed consecutive sentences of fourteen years imprisonment. Defendant entered notice of appeal on 19 August 1988.

The State's evidence at trial showed the following:

At about 7:45 p.m. on 30 October 1987, Maria Housiadas and Brenda Koutroulakis were working in a restaurant in Charlotte. A regular customer, Mr. Broome, was also present. Mrs. Housiadas noticed that a person was standing outside the door for three or four minutes and mentioned it to Koutroulakis and Broome. The man then entered the restaurant and pointed a sawed-off shotgun at her and demanded her money. When she replied that she did not have a key to the register, the man cursed her and placed the shotgun against Mrs. Koutroulakis' head. She screamed that she was pregnant and grabbed the gun, shoving it upwards. As they struggled over the weapon, it discharged and struck the ceiling. Mrs. Koutroulakis ran to the back of the store. The witness next observed the man point his gun at the customer and demand the customer's wallet.

Mrs. Housiadas described the man's physical appearance in detail. The man was approximately thirty to thirty-five years old, five feet and eleven inches tall and weighed one hundred seventy-five pounds. The witness further noted that she recognized the man as being a former customer. In addition, the witness related that the man appeared to have a few days' growth of facial hair. He also appeared to be intoxicated. Mrs. Housiadas testified she had seen this same man as a customer in her restaurant at least once a week for two or three years. During the entire incident, the witness was only two or three feet from the man. The restaurant was well lighted.

Following the incident, the witness was asked by a police investigator to review some photographs to see if she recognized anyone. The witness selected a picture of the defendant as the man who attempted to rob the restaurant. She noted that on the night of the incident the man looked older than he did in the photograph. The witness later observed a second set of photo-

STATE v. KNOX

[95 N.C. App. 699 (1989)]

graphs and she again selected a picture of the defendant as the man who was in the restaurant.

On 11 July 1988, Mrs. Housiadas viewed an in person lineup and selected defendant as the person who attempted to rob her.

Brenda Koutroulakis corroborated the above testimony. She had also seen the man who entered the restaurant on several prior occasions. He was further described as looking similar to a "street person." She also identified the defendant in a photographic lineup as well as an in person lineup as the man who had tried to rob the restaurant on 30 October 1987.

Kenneth Broome, the customer, was also called as a witness. He added that after the man put the gun to the employee's head and the gun fired, the man pointed the shotgun at him. After the perpetrator demanded money, the man grabbed the victim's wallet and took about $106.00. Mr. Broome's description was consistent with the prior testimony of the other eyewitnesses. In cross-examination the witness stated that the defendant looked like the man who robbed him, but he could not be "absolutely positive."

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Steven F. Bryant, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Marc D. Towler, for the defendant.*

LEWIS, Judge.

Defendant makes two assignments of error. First, defendant contends that the trial court erred in denying his motion to dismiss his 31 May 1988 indictment for robbery with a dangerous weapon of Kenneth Broome. Secondly, defendant contends that the trial court erred in sustaining the prosecutor's objections concerning whether any of the employees of the restaurant had confused the defendant with his brother and in sustaining the prosecutor's objections to defense counsel asking defendant's brother whether there was anyone else who resembled the defendant.

I

[1] Defendant argues that the defendant's second indictment for the robbery of Kenneth Broome was the product of prosecutorial vindictiveness.

Prior to trial, the court conducted a hearing on defendant's motion to dismiss. Defendant called James Gronquist, the Assistant Public Defender who had first represented the defendant on the two charges. Mr. Gronquist stated that there had been no plea offer by the prosecution. On cross-examination he admitted that prior to a plea conference on the first indictment, the prosecutor informed him of the possibility of a second indictment. During the conference on 4 May 1988, the judge indicated the sentence that likely would be imposed and defense counsel requested a continuance to consider a possible plea. On 16 June, the defendant rejected the offer. When asked if defendant had accepted the judge's offer, would defense counsel have insisted that the prosecution not seek an indictment on the other charge of armed robbery, Mr. Gronquist replied that since defendant had not been indicted, "it would probably not have been a formal part of the agreement. But I think it certainly would have been understood."

On 16 May 1988, Mr. Gronquist sent a letter to Ms. Ponder, the former Assistant District Attorney assigned to prosecute the defendant, requesting additional information in order to complete preparation for trial. Ms. Ponder responded by letter of 19 May 1988 in which she stated, "I am sending another count of robbery with a dangerous weapon to the grand jury on May 31, 1988, due to your indication in your letter that you are preparing for trial." Ms. Ponder testified that she knew "that we would need to try to join all related incidents, and I wanted to go ahead and have them together." Defendant argues that obtaining an additional indictment based on facts known to the prosecutor prior to the time of the original indictment constitutes vindictive prosecution in violation of defendant's right to due process of law. We disagree.

In *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed. 2d 74 (1982), the defendant was initially charged with several federal misdemeanors and petty offenses. At first, the defendant expressed a desire to engage in plea bargaining regarding these charges. *Id.* at 371, 73 L.Ed. 2d at 79. However, the defendant later refused to plead guilty to the charges and requested a jury trial. Approximately six weeks later, the prosecutor sought and received an indictment including one felony count arising out of the same facts which constituted the lesser offenses. The jury convicted the defendant on the felony count and the defendant moved to set aside the verdict on the ground of prosecutorial

vindictiveness. *Id.* In declining to apply a presumption of vindictiveness or make a finding of it, the court recognized that

> 'additional' charges obtained by a prosecutor could not necessarily be characterized as an impermissible 'penalty.' Since charges brought in an original indictment may be abandoned by the prosecutor in the course of plea negotiation—in often what is clearly a 'benefit' to the defendant—changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial 'vindictiveness.' An initial indictment—from which the prosecutor embarks on a course of plea negotiation—does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forego legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

457 U.S. 380, 73 L.Ed. 2d 84 (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 54 L.Ed. 2d 604, 98 S.Ct. 663 (1978). We find the present case controlled by *Goodwin, supra.* Defendant failed to show any actual prosecutorial vindictiveness on the part of the State. Here, the defense counsel knew of the second pending complaint. The two complaints arose from the same criminal transaction but involved different victims. Furthermore, and most significantly, there was never a formal plea offer by the prosecution to indicate any motive for actual prosecutorial vindictiveness. Absent any actual vindictiveness, "[t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness is certainly not warranted." (Emphasis original), 457 U.S. at 384, 73 L.Ed. 2d at 87. We find no error.

## II

[2] Defendant argues that the trial court erred by sustaining the prosecutor's objections concerning whether any of the employees of the restaurant had confused defendant with his brother. The record reflects that during the direct examination of Joe Knox, defendant's brother, by defense counsel the witness was asked:

> Q. Have you ever had any incidence where anyone has confused you with anyone else over there?

MR. WOLFE: Object.

COURT: Objection sustained.

Q: What about the women who work there, do you talk to them?

A: Yea, all of, all the women; I always talk to the women there.

Q: Do you know them?

A. Yea, I don't know them by name exactly, but I know them.

Q: And have you ever had, have they ever told you who they thought you were?

MR. WOLFE: Object.

COURT: Objection sustained.

Q: Have they ever confused you with any of your brothers?

MR. WOLFE: Object.

COURT: Objection sustained.

As the testimony above indicates, the questioning called for hearsay responses; and therefore, the objections were properly sustained pursuant to G.S. Section 8C-1, Rules 801 and 803.

Defendant also has excepted to the trial court's rulings which sustained the objections to defense counsel asking David Knox, brother of defendant, whether there was anyone else who resembled defendant. Following an offer of proof in which the witness testified that there was another man who looked similar to defendant, the trial court excluded the evidence.

This case is indistinguishable from *State v. Allen*, 80 N.C. App. 549, 342 S.E.2d 571, *disc. rev. denied*, 317 N.C. 707, 347 S.E.2d 441 (1986). The defendant was convicted of robbery with a dangerous weapon. The defendant argued that evidence that another robbery perpetrated by a man resembling defendant and utilizing an almost identical *modus operandi* was directly and substantially relevant to the sole issue in dispute, i.e., the identity of the perpetrator of the robbery. The court excluded the evidence, finding that there was no evidence which pointed directly to another person's guilt: "Therefore, the proffered evidence could do nothing more than create an inference or conjecture as to another's guilt of the crime charged and it was therefore properly excluded." 80 N.C. App. at 551, 342 S.E.2d at 573; *see, also, State v. Cotton*, 318 N.C. 663,

667, 351 S.E.2d 277, 279 (1987) ("[e]vidence that another committed the crime for which the defendant is charged generally is relevant and admissible as long as it does more than create an inference or conjecture in this regard."). In the present case there was no proof that another person was even remotely connected with the crime. Defendant did not seek to offer evidence that another person had committed the crime. Instead, he sought to introduce evidence that there was possibly someone in the community who might have resembled the defendant and thereby caused the witnesses all to make an error in their identification. Based upon the extensive identification testimony given by Mrs. Housiadas and Mrs. Koutroulakis and the complete lack of any other evidence linking another person to the crime, the evidence tendered by the defendant is pure conjecture and was properly excluded by the trial court.

No error.

Chief Judge HEDRICK and Judge ORR concur.