### STATE v. BIRD BISHOP.

Upon an indictment for larceny, where the evidence is circumstantial, the acts, declarations and opportunities of the prisoner are competent evidence. But the acts and opportunities of a third party are not competent in such case, unless made so by other direct evidence connecting such third party with the transaction.

The jury, upon a trial for larceny, in the absence of counsel, returned a verdict of "guilty of the larceny of a fifty dollar note," and the Court informed the jury, that the prisoner was not indicted for stealing the bill, but the trunk, and the jury retired and brought in a verdict of "guilty of the larceny of the trunk as charged in the bill of indictment:" *Held,* that as the verdict as first rendered was not received nor recorded, and the jury had not been discharged, it was competent for them to correct the inadvertence so as to make the verdict responsive to the indictment.

(*State* v. *May,* 4 Dev, 328; *State* v. *Duncan,* 6 Ired. 236; *State* v. *White,* 68 N C. Rep. 158, cited and approved.)

INDICTMENT, *Larceny,* tried at the Spring Term, 1875, of BERTIE Superior Court, before his Honor, *Judge* MOORE.

The facts pertinent to the points decided in this Court, together with the evidence relating thereto and the exceptions taken, are fully set forth in the opinion of *Justice* BYNUM.

His Honor, on the trial in the Court below, overruled the exceptions of the defendant in relation to rejection of certain evidence offered by him, and also the defendant's objection to the verdict as recorded. From the rulings of his Honor, the defendant appealed.

*W. W. Peebles,* for the defendant.

*Attorney General Hargrove* and *Gilliam & Pruden,* for the State.

BYNUM, J. The defendant was indicted for the larceny of a leather trunk, the property of one W. J. Bishop. It was in proof that the trunk, when stolen in the month of October,

1874, contained one new fifty dollar bill of the Exchange National Bank, of Norfolk, Va.; that the prisoner had previously been in the service of the prosecutor, as a laborer on his farm, and had occasionally waited upon the office from which the trunk was stolen, and was familiar with the locality and with the habits of the prosecutor; that he was at the time in the service of one Capehart, a mile and a half distant, and very frequently visited the prosecutor's premises, on which his father and brother lived. In the month of December following the larceny, the prisoner passed to one Charles, for small bills, a new fifty dollar bill, of the same Exchange Bank of Norfolk, at the same time cautioning Charles not to use his name when passing off this bill, and that the prisoner left the county the next day for Raleigh. The evidence of the prisoner's acts and declarations as to the fifty dollar bill, was objected to by him, and constitutes his first exception.

It was also proved by the State, that the prisoner had no means but his labor, and that he had received for his labor, in 1874, but about thirty dollars. This testimony was objected to by the prisoner, and its admission makes his second exception. The prisoner offered to prove that one Bryant, who, together with other laborers, worked on the prosecutor's farm at the time of the larceny, was familiar with the locality, and had waited upon the prosecutor's office in the year 1873, and also that said Bryant, who then lived on the farm was seen two hours after the larceny, the same night, to enter the grove of the prosecutor, in which was his house, by the least frequented of two paths leading there. This evidence was objected to by the State and ruled out, and its rejection constitutes the third exception of the defendant.

The first two exceptions are clearly untenable. In a case turning wholly upon circumstantial evidence, the acts, declarations and opportunities of the prisoner were competent, because they were the acts and declarations of the prisoner himself, who was on trial, and to exclude them would be to destroy

the very foundation upon which criminals may be convicted upon circumstantial testimony.

The third exception seems to be equally untenable, as has been decided in the leading case of *State* v. *May*, 4 Dev. 328, followed by the *State* v. *Duncan*, 6 Ired. 236, and *State* v. *White*, 68 N. C. 158.

Bryant's guilt or innocence was not necessarily connected with the guilt or innocence of the prisoner. The crime charged upon the prisoner might be so readily committed by many as by one—both might be guilty with entire consistency. Proof of the guilt of Bryant would, therefore, not tend, in the least, to establish the innocence of the prisoner. The confessions of Bryant establishing his own guilt, or even a judgment against him upon the plea of guilty, would not be competent evidence for the prisoner. The same principle extends to the acts as to the declarations of Bryant,—they are all the acts and declarations of a third person not on trial, and are excluded as *res inter alios acta*, unless made competent by other direct evidence connecting Bryant with the *corpus delicti*. Testimony to any part of the *res gestæ*, constituting Bryant's alledged guilt, would have been competent and relevant, but the prisoner offered no evidence of the kind. If Bryant had been on trial, these acts of his would have been competent against him, because they were his acts, but he was a stranger to the matter in dispute here, and his acts cannot be admitted in evidence for or against a third party.

An exception was also made to the regularity of the verdict. The jury came into Court, in the absence of the counsel, and announced as their verdict that they found the prisoner guilty of the larceny of the fifty dollar bill ; when the Court informed them that the prisoner was not indicted for stealing the bill, but the trunk ; whereupon they retired to their room, and after consideration, came into Court and in the presence of the counsel of the prisoner, rendered a verdict of guilty of the larceny of the trunk, as charged in the indictment. The objection is without force. The verdict offered was not received or re

corded, nor the jury discharged. The whole matter was still in the breast of the jury, and it was entirely competent to correct an inadvertence so as to make the verdict responsive to the indictment. They certainly did not intend to acquit, but to convict the prisoner, and he has no just cause of complaint.

There is no error.

PER CURIAM.                                    Judgment affirmed.