STATE v. W. Y. DAVIS.

*Indictment--Murder--Evidence--Declarations of Third Party.*

1. On the trial of an indictment for murder, the declarations of a third party which have no legal tendency to establish the innocence of the prisoner are not admissible as evidence in his behalf. *Therefore,* evidence that a third party "had malice towards the deceased, a motive to take his life and the opportunity to do so, and had threatened to do so," is not admissible.

2. In such case where the prisoner offered to prove that "some time before the deceased was killed" a third party went in the direction of the house of the deceased with a deadly weapon threatening to kill him; *Held,* that the evidence was not admissible.

(Whether, when proof of the *res gestœ* constituting such third party's alleged guilt has been given, his acts and declarations are competent in confirmation of the direct testimony connecting him with the fact of the killing,— *Quœre.*)

(*State* v. *Bishop,* 73 N. C. 44; *State* v. *May,* 4 Dev. 328; *State* v. *Duncan,* 6 Ire. 236; *State* v. *White,* 68 N. C. 158, cited and approved.)

INDICTMENT for Murder tried at Spring Term, 1877, of Madison Superior Court, before *Furches, J.*

The case is sufficiently stated by Mr. Justice BYNUM in delivering the opinion of this Court. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.

*Messrs. Busbee & Busbee* and *W. H. Malone,* for the defendant.

BYNUM, J. This case is here upon two exceptions taken on the trial below to the rulings of the Court, excluding as incompetent certain testimony which was offered by the prisoner:

1. The prisoner proposed to prove by one Peck, "that Geo. Nicks had malice towards the deceased and had a motive to

take his life, and the apportunity to do so, and had threat-ened to do so, before Court."

2. He offered to prove by one Rice, that one Peck took a gun and went in the direction of the house of the deceased with the threat that he was going to kill the deceased some-time before the deceased was killed."

Both exceptions are untenable and have been repeatedly so held by this Court; the first, because they are the declarations of a third party and are *res inter alios acta,* and have no legal tendency to establish the innocence of the prisoner; and the second, for the same and the additional reason that the time when Peck is alleged to have gone with his gun in the direction of the house of the deceased with the threat to kill him, is too vaguely and indefinitely set forth. "*Some time* before the deceased was killed" might be a week, a month, or a year. Such evidence is irrelevant and can afford no safe guide to a jury when the charge is a kill-ing on a particular day, which is in no way connected by other proof with the time when Peck is alleged to have gone in the direction of the house of the deceased. But the homi-cide was committed not at the house of the deceased, but on a public road while the deceased was asleep under a "shelter" where he was carrying on a distillery. There was no evi-dence so far as the case shows, that this shelter was near or in the direction of the house of the deceased, from the point whence Peck took his departure on his alleged mission of murder. Such evidence is inadmissible because it does not tend to establish the *corpus delicti.* Unquestionably it would have been competent to prove that a third party killed the deceased, and not the prisoner. But this could only have been done by proof connecting Peck with the *fact,* that is with the perpetration of some deed entering into the crime itself. Direct evidence connecting Peck with the *corpus delicti* would have been admissible. After proof of the *res gestæ* constituting Peck's alleged guilt had been given, it

might be that the evidence which was offered and excluded in this case would have been competent in confirmation of the direct testimony connecting him with the fact of the killing. No such direct testimony was offered here.

It is unnecessary to elaborate, as the questions of evidence here made have been fully discussed and decided by this Court in many cases. It is only necessary to refer to the principal ones. *State* v. *Bishop*, 73 N. C. 44; *State* v. *May*, 4 Dev. 328; *State* v. *Duncan*. 6 Ire. 236; *State* v. *White*, 68 N. C. 158. Also, *State* v. *Crookham*, 5 W. Va. 510.

There is no error.

PER CURIAM. Judgment affirmed.