STATE v. HENRY BEVERLY.

*Evidence— Comments of Counsel.*

1. Evidence that another committed the offence of which the defendant was being tried is inadmissible. The defendant must show that he is innocent, not that another is guilty.

2. Whether counsel should be stopped, in the use of improper language in addressing the jury, at the time, or in the charge to the jury, is matter of discretion with the judge. Remarks of counsel in this case are not objectionable.

(*State* v. *Davis,* 77 N. C., 483; *State* v. *Bishop,* 73 N. C., 44, cited and approved).

INDICTMENT for larceny and receiving tried at Spring Term, 1882, of STANLY Superior Court, before *Gudger, J.*

The defendant was tried and convicted of receiving a bale of cotton, the property of one Clark, knowing the same to have been stolen.

The state offered evidence going to show that the cotton was taken from the gin-house of the prosecutor on the night of the 8th of January, 1880, and that it was found on the next day concealed in the shuck-house of the defendant, about thirty yards from his dwelling; and there was other evidence tending to connect the defendant with the concealment.

The defendant appealed from the judgment pronounced upon the verdict.

*Attorney-General,* for the State.
No counsel for the defendant.

RUFFIN, J. Two exceptions were taken for the defendant:

1. That he was not permitted to show that one John Dutton, who lived with him at the time the cotton was stolen, and who had been indicted in the same bill with him, but had severed his trial, had been convicted of the offence for which he, the defendant, was then on trial.

As the guilt or innocence of Dutton was not necessarily connected with that of the defendant, and as the offence charged could as well have been committed by both as by one, evidence as to the guilt of one could not in the least tend to establish the innocence of the other. *State* v. *Davis*, 77 N. C., 483. A confession of his guilt by Dutton, or even the record of a judgment againt him, could not be received as evidence for the defendant, being *res inter alios acta*. *State* v. *Bishop*, 73 N. C., 44.

2. The defendant was examined as a witness in his own behalf, and it was conceded by the state that, up to the time of the commission of the alleged offence, his character was good. In addressing the jury, the solicitor said : "They tell you the defendant is a man of good character. But how common it is for men of good character to fall. We hear of it; we read it in the newspapers, of men of high position in church and state suddenly falling. All men have good characters at sometime in their lives. No man is born with a bad character. Crime has a beginning, and so it may be in this case." The judge did not stop the solicitor at the time, though his language was objected to; but in his charge, he called the attention of the jury to the language used, and told them that they should not consider it, and the argument should not weigh with them; that they should consider only the evidence offered before them, and nothing beyond it. The defendant excepted, because the court failed to stop the solicitor at the moment the words were used and the objection was first made.

The court is at a loss to see anything objectionable in the words used by the counsel for the state. Jurors are not expected to discard common sense, or to close their understandings to the lessons taught them by their own general observation and experience in life. It cannot, therefore, be improper for counsel to refer to such matters as furnishing ground for such inferences as he may think proper to make. If really objectionable, the wrong was corrected in the instructions given to the jury; and

the court must be its own judge as to the time when the correction shall be made.

The judgment of the court below is affirmed, and this will be certified to that court in order that it may proceed according to law.

No error. Affirmed.