STATE v. GODWIN.

(Filed March 21, 1905.)

*Landlord and Tenant—Indictment—Verdict—Insensible or Repugnant—Duty of Court.*

1. In an indictment under section 1761 of The Code, which makes it unlawful for a tenant to injure any tenement house of his landlord, the burden of proof is upon the State to establish, first, that the relation of landlord and tenant existed, and second, that during the tenant's term or after its expiration, he did wilfully and unlawfully injure the tenement house.

2. Where, on the trial of an indictment under sec. 1761 of The Code, the evidence tended to prove that the defendant entered the house as A's tenant, he cannot be heard to say it was not A's property.

3. Where the jury in response to the question of the clerk, "if they had agreed," said "Yes, guilty, but innocently," and the court declined defendant's request to have this response entered on the record as the verdict, and told the jury to retire and consider the evidence and return a verdict of "guilty or not guilty" as they should find from the evidence and the law given them by the court, and the jury retired and after consultation returned a verdict of "guilty," *held*, that defendant's motion for his discharge on the ground that the first response was the true verdict and equivalent to a verdict of not guilty was properly denied.

4. Before a verdict returned into open court by a jury is complete, it must be accepted by the court for record, and it is the duty of the judge to look after the form and substance of a verdict, so as to prevent a doubtful or insufficient finding from passing into the records.

5. When a jury returns an informal, insensible or a repugnant verdict or one that is not responsive to the issues submitted, they may be directed by the court to retire and reconsider the matter and bring in a verdict in proper form, but it is encumbent upon the judge not even to suggest the alteration of a verdict in substance.

INDICTMENT against Elijah Godwin, heard by *Judge G. S. Ferguson* and a jury, at the February Term, 1904, of the Superior Court of LENOIR County.

The defendant was tried upon a bill of indictment charging him with a violation of section 1761 of The Code, which makes it unlawful for a tenant to destroy, deface, injure or damage any tenement house of his landlord. He was convicted and appealed from the judgment pronounced.

*Robert D. Gilmer, Attorney-General,* for the State.
*N. J. Rouse* and *W. D. Pollock* for the defendant.

BROWN, J. There was evidence tending to show that one Alexander Tilghman was the owner of the land and had sold the timber to Charles Riley & Co., with the privilege of building tram roads, saw mills, etc., necessary and incidental to

cutting, hauling and manufacturing lumber, and that Riley & Co., through Hines Bros., contracted with J. H. Hines to cut, haul, saw and remove said timber; that said Hines, with the permission of said Tilghman, went on the land and located the mill and constructed buildings for the purpose of said work, and among others, the building described in the indictment, which was used as a dwelling for the employees while operating the mill—being constructed out of the lumber sawed at the mill; that the mill and property were sold at a mortgage sale to one Seth West, but not the land. There was evidence tending to prove that defendant rented the house from Tilghman and entered as his tenant. There was also controverting evidence tending to prove that the defendant entered as tenant of West. There was evidence tending to prove that defendant removed two windows which fastened into the house, without the permission of Tilghman, but with the permission of West, and that such removal was an injury to the house.

1. The defendant requested the court to charge that according to the evidence the house did not belong to Tilghman, and that the jury should return a verdict of not guilty. Refused and defendant excepted.

The court instructed the jury that if they should be fully satisfied from the evidence that Tilghman was the owner of the land and that the defendant entered into the house as the tenant of Tilghman, and wilfully, without any *bona fide* claim of right, removed the windows, and such removal injured the house, they would return a verdict of "guilty." (To this charge defendant excepted). The court further charged the jury that if they should find from the evidence that the defendant entered as the tenant of West, and at the time he removed the windows he believed in good faith he had a right to do so, they would return a verdict of "not guilty."

We see no error in the refusal of the judge to give the

instruction asked, nor do we see any error in the instruction given and excepted to. The title to the land was not in controversy and could not have well been put in issue upon the trial of an indictment under the statute, section 1761 of The Code.

In order to convict the defendant, the burden of proof was upon the State to establish, first, that the relation of landlord and tenant existed between Tilghman and the defendant, and, second, that during his term or after its expiration, the defendant did wilfully and unlawfully injure or damage the tenement house. There was evidence tending to prove that the defendant entered into the house as the tenant and lessee of Tilghman. The question of the title to the house was therefore not involved. If the defendant entered as Tilghman's tenant, on the trial of an indictment for wilfully injuring the house he cannot be heard to say it was not Tilghman's property. This is elementary.

2. The jury returned and in response to the question of the clerk, "if they had agreed," said, "Yes, guilty, but innocently." The defendant asked to have this response entered on the record as the verdict of the jury; this the court declined and told the jury to retire and consider the evidence and return a verdict of "guilty" or "not guilty," as they should find from the evidence and the law given them by the court, and the defendant excepted. The jury retired and after further consultation returned a verdict of "guilty." The defendant moved for his discharge on the ground that the first response was the true verdict and equivalent to a verdict of not guilty. This was denied and the defendant excepted.

Before a verdict returned into open court by a jury is complete, it must be accepted by the court for record. It is the duty of the judge to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding from passing into the records of the court. For that purpose the

court can, at any time while the jury are before it or under its control, see that the jury amend their verdict in form so as to meet the requirements of the law. When a jury returns an informal, insensible or a repugnant verdict, or one that is not responsive to the issues submitted, they may be directed by the court to retire and reconsider the matter and bring in a proper verdict, i. e., one in proper form. But it is especially incumbent upon the judge not even to suggest the alteration of a verdict in substance, and in such matters he should act with great caution. In our own State, these views are supported by the great names of Taylor and Henderson in *State v. Arrington*, 7 N. C., 573. Later cases, *State v. Bishop*, 73 N. C., 44, and *Willoughby v. Treadgill*, 72 N. C., 438. This is the view taken by nearly all the courts in the Union. See *Grant v. State*, 23 L. R. A., 725. The note to this case is very full and quotes from nearly all the courts of last resort in this country. See also Abbott's Trial Brief, Cr. (2nd Ed.), 729. A verdict which must be "interpreted"—one which requires a course of reasoning to demonstrate its meaning—ought not be accepted. Verdicts should be able to speak for themselves. In criminal cases, such as this, the jury discharge their duty best by responding in the time honored formula "guilty" or "not guilty," and no more. We have no hesitation in holding that the verdict which the court refused to accept was insensible and of very doubtful import, if not repugnant; and that His Honor used most discreet and impartial language in directing the jury as to their duty.

No Error.