STATE OF NORTH CAROLINA v. RONALD JUNIOR COTTON

No. 257A85

(Filed 6 January 1987)

**Criminal Law § 35— evidence that offense committed by another—erroneously excluded**

> The trial court erred in a prosecution for burglary and rape by excluding evidence that the crimes charged and another similar offense were committed by the same person and that that person was not defendant. The evidence would have been admissible against defendant under N.C.G.S. § 8C-1, Rule 404(b) to show that he had committed similar crimes, and the rule must be applied in like manner to allow a defendant to introduce evidence of very similar crimes of another when such evidence tends to show that the other person committed the crime for which defendant is on trial. Moreover, the evidence here was relevant within the meaning of N.C.G.S. § 8C-1, Rule 401, and prior decisions are expressly disapproved to the extent that those decisions tend to indicate that a defendant may not present evidence that the crime charged was committed by another unless the crime was one that only could have been committed by one person acting alone.

APPEAL by the defendant from judgments entered by *Brannon, J.*, on 16 and 17 January 1985 in Superior Court, ALAMANCE County.

The defendant was tried on proper indictments for first degree burglary, first degree rape and first degree sexual offense. A jury found him guilty on all the charges. The trial court sentenced the defendant to life imprisonment for first degree rape (Case Number 84CRS10258) and to a consecutive sentence of fifty years for first degree burglary (Case Number 84CRS10257). The defendant expressly consented to an order continuing prayer for judgment for five years on the first degree sexual offense conviction (Case Number 84CRS10259) unless the district attorney should pray judgment at an earlier time.

The defendant appealed his rape conviction and the resulting life sentence to the Supreme Court as a matter of right under N.C.G.S. § 7A-27(a). On 3 May 1985, the Supreme Court entered an order allowing the defendant to bypass the Court of Appeals with regard to his conviction for first degree burglary and first degree sexual offense. Heard in the Supreme Court 10 December 1986.

*Lacy H. Thornburg, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State.*

*W. Phillip Moseley for the defendant.*

MITCHELL, Justice.

The defendant contends *inter alia* that the trial court erred by excluding evidence tending to show that the crimes charged and another similar offense were committed by the same person — not the defendant. We agree and hold that the defendant is entitled to a new trial on the charges of first degree rape and first degree burglary. As no judgment has been entered on the first degree sexual offense conviction, it is not ripe for appellate review and is remanded to the Superior Court, Alamance County.

The State's evidence at trial tended to show *inter alia* that the victim of the crimes for which the defendant was charged was asleep in her apartment in Burlington at approximately 3:00 a.m. on 29 July 1984. She was awakened by the presence of a tall "light-skinned" black male. He jumped on her, covering her mouth with his hand and holding a knife to her throat. When she tried to scream, he told her to "shut up" or he would cut her. While continuing to threaten the victim with the knife, he committed cunnilingus upon her and had sexual intercourse with her. Both of these acts were against her will. At some point the assailant went into another room of the apartment and the victim escaped through the rear door. At a later live lineup, the victim positively identified the defendant as her assailant.

The defendant introduced evidence that two other break-ins and sexual assaults were committed in this same manner, on the same night, and near the site of the crimes for which he was charged. Thereafter, the defendant tendered evidence that the victim of one of the other very similar attacks identified a person

other than the defendant as the perpetrator. Further, she selected the other person after viewing the same lineup from which the victim in the present case identified the defendant. The trial court excluded this evidence. The defendant argues that the exclusion of such evidence in this case was error entitling him to a new trial. We agree.

A simple but often misapplied rule of evidence has evolved from *State v. McClain*, 240 N.C. 170, 81 S.E. 2d 364 (1954): "Evidence of other offenses is inadmissible on the issue of guilt if its *only* relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime." 1 Brandis on North Carolina Evidence § 91 (2d rev. ed. 1982) (emphasis added). The same rule is codified as Rule 404(b) of the North Carolina Rules of Evidence. *State v. DeLeonardo*, 315 N.C. 762, 769, 340 S.E. 2d 350, 355-56 (1986); N.C.G.S. § 8C-1, Rule 404(b) (1986).

Rule 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C.G.S. § 8C-1, Rule 404(b) (1986). Such evidence is relevant and admissible under Rule 404(b) against a defendant "if the incidents are sufficiently similar and not too remote in time so as to be more probative than prejudicial under the Rule 403 balancing test." *State v. Scott*, 318 N.C. 237, 248, 347 S.E. 2d 414, 420 (1986).

During the defendant's cross-examination of Detective Mike Gauldin of the Burlington Police Department, the trial court admitted evidence showing that within a few hours of the crimes resulting in this appeal, two similar crimes were committed nearby—one in the same condominium complex and the other "a couple of blocks" away. In all three instances a "light-skinned" black male wearing a blue shirt with white stripes entered the rear of the dwelling after rendering an outside light inoperable. In all three situations the assailant made a statement to the victim before assaulting her, such as: "Hey baby, how are you doing?"

During the cross-examination of Detective Gauldin, the trial court conducted a hearing out of the jury's presence. The defend-

ant tendered testimony of Detective Gauldin that the victim of the crimes giving rise to this appeal viewed a live lineup of seven individuals. Upon her first viewing of the lineup, she stated, "It is between number four and number five." After again viewing the lineup and having the participants repeat certain phrases, she identified subject number five as her assailant. That subject was the defendant. The victim of one of the two similar attacks was shown the identical lineup and positively identified subject number four as the perpetrator. The trial court excluded the tendered evidence on grounds that it was not relevant under Rule 401.

Dean Brandis has noted correctly that: "The commission of a certain act is never directly evidential of the commission of a similar act at some other time. There is always some intermediate step in the reasoning." 1 Brandis on North Carolina Evidence § 91 at 342 (2d rev. ed. 1982). Even so, the rule has been that if evidence of any act by a defendant logically tends to prove a fact other than his character or disposition, which fact in turn supports a reasonable inference that he committed the crime charged, such evidence is admissible. *See* 1 Brandis on North Carolina Evidence § 91 at 343 (2d rev. ed. 1982). This view was codified by the adoption of Rule 404(b), under which evidence such as was excluded in this case is admissible if it is relevant for any purpose other than merely to show that the defendant has a propensity for the type of conduct for which he is being tried. *State v. Morgan*, 315 N.C. 626, 340 S.E. 2d 84 (1986).

More specifically, this Court has been markedly liberal in admitting evidence of similar sex offenses by a defendant for the purposes now enumerated in Rule 404(b), such as establishing the defendant's identity as the perpetrator of the crime charged. *See State v. Scott*, 318 N.C. 237, 347 S.E. 2d 414 (1986) and cases cited therein. Such evidence is admissible unless the other offense were not sufficiently similar or were too remote in time from the commission of the offense charged. *Id.* Therefore, had the evidence in question here tended to show that the defendant committed the other very similar crimes, it would have been admissible against him. *Id.* Certainly Rule 404(b) must be applied in like manner to allow a defendant to introduce evidence of very similar crimes of another, when such evidence tends to show that the other person committed the crime for which the defendant is on trial.

Additionally, we conclude that the excluded evidence was relevant within the meaning of Rule 401 of the North Carolina Rules of Evidence, even though it was offered as evidence of the guilt of one other than the accused. Evidence that another committed the crime for which the defendant is charged generally is relevant and admissible as long as it does more than create an inference or conjecture in this regard. It must point directly to the guilt of the other party. *State v. Hamlette*, 302 N.C. 490, 276 S.E. 2d 338 (1981); *State v. Allen*, 80 N.C. App. 549, 342 S.E. 2d 571, *disc. rev. denied*, 317 N.C. 707, 347 S.E. 2d 441 (1986). Under Rule 401 such evidence must tend *both* to implicate another *and* be inconsistent with the guilt of the defendant. To the extent that our prior decisions tend to indicate that a defendant may not present evidence to show that the crime charged was committed by another *unless* the crime was one that *only could have* been committed by *one person* acting alone, however, those decisions are expressly disapproved. *E.g., State v. Lane*, 166 N.C. 333, 81 S.E. 620 (1914); *State v. Fogleman*, 164 N.C. 458, 79 S.E. 879 (1913); *State v. Millican*, 158 N.C. 617, 74 S.E. 107 (1912); *State v. Lambert*, 93 N.C. 618 (1885); *State v. Beverly,* 88 N.C. 632 (1883); *State v. Baxter*, 82 N.C. 602 (1880); *State v. Davis*, 77 N.C. 483 (1887); *State v. Bishop*, 73 N.C. 44 (1875); *State v. Haynes*, 71 N.C. 79 (1874); *State v. May*, 15 N.C. 328 (1883) (*seriatim*). The admissibility of evidence of the guilt of one other than the defendant is governed now by the general principle of relevancy. N.C.G.S. § 8C-1, Rule 401 (1986). *See generally* 1 Brandis on North Carolina Evidence § 93 (2d rev. ed. 1982).

The evidence excluded here showed that within a few hours during the same night, three homes in close proximity were broken into and the female occupants sexually assaulted. The *modus operandi* in each case was very similar. From this evidence, the jury reasonably could have concluded that the three attacks were committed by the same person. The excluded evidence also tended to show that a specific person other than the defendant committed one of the very similar break-ins and assaults. Further, nothing in evidence tended to show that any of the three break-ins and attacks were committed by more than a single individual. The excluded evidence therefore tended to show that the same person committed all of the similar crimes in the neighborhood in question on that night and that the person was someone other than the defendant.

The excluded evidence tended to establish a fact of consequence to the determination of the action and was both relevant and admissible under Rule 401. N.C.G.S. § 8C-1, Rule 401 (1986). The trial court erred in ruling to the contrary.

The trial court additionally ruled that the evidence in question was inadmissible under Rule 403 of the North Carolina Rules of Evidence because the "probative value, if any, that it might have is substantially outweighed by the dangers of unfair prejudice . . . ." Whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court. *State v. Mason*, 315 N.C. 724, 340 S.E. 2d 430 (1986). It is unnecessary, however, for us to consider whether the trial court abused its discretion. When taken in context, it is apparent that the trial court excluded this evidence as a matter of law based on the erroneous view that it was not relevant under Rule 401 and, therefore, had no probative value at all under Rule 403. Where the trial court has discretion but erroneously fails to exercise it and rules as a matter of law, the prejudiced party is entitled to have the matter reconsidered. *Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326 (1984); *Byrd v. Mortenson*, 308 N.C. 536, 302 S.E. 2d 809 (1983); *Capps v. Lynch*, 253 N.C. 18, 116 S.E. 2d 137 (1960); 1 Brandis on North Carolina Evidence § 28 (2d rev. ed. 1982). If necessary, the trial court may consider the proper exercise of its discretion in this regard during the new trial to which we conclude the defendant is entitled.

We hold that the defendant is entitled to a new trial in case number 84CRS10258 (first degree rape) and case number 84CRS 10257 (first degree burglary). Case number 84CRS10259 (first degree sexual offense) is not ripe for appellate review since no judgment has been entered therein, and it is remanded to the Superior Court, Alamance County.

Case No. 84CRS10258 (first degree rape) — new trial.

Case No. 84CRS10257 (first degree burglary) — new trial.

Case No. 84CRS10259 (first degree sexual offense) — Remanded.