IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-653

Filed: 3 March 2020

Wake County, No. 07-CRS-729

STATE OF NORTH CAROLINA

v.

LUIS GUILLERMO NEIRA, Defendant.

Appeal by Defendant from order entered 13 June 2019 by Judge Vinston Rozier in Wake County Superior Court. Heard in the Court of Appeals 21 January 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Anton M. Lebedev for the Defendant.*

BROOK, Judge.

Luis Guillermo Neira ("Defendant") appeals from an order denying his petition for the expunction of his conviction over ten years ago of felonious speeding to elude arrest. Because we hold that the trial court erred in determining that Defendant was ineligible for an expunction, we reverse and remand.

## I. Background

Defendant was charged 9 January 2007 by arrest warrant with felony speeding to elude arrest and by criminal citation with speeding and driving while impaired

("DWI") in Wake County District Court. Defendant's arrest warrant charged that Defendant

> operate[d] a motor vehicle on a higway [sic] while fleeing or attempting to elude [a law enforcement officer] who was in lawful perforance [sic] of his duties by
>
> (1)   speeding in excess of 15 mph over the speed limit[]
>
> (2)   reckless driving
>
> (3)   gross impairment of an impairing substance[.]

Defendant was indicted 6 March 2007 in Wake County District Court for felonious speeding to elude and DWI; the charges stemmed from the same events of 9 January 2007. Defendant was convicted by a jury on 12 September 2007 of felonious speeding to elude arrest and of DWI. The trial court found, as a mitigating factor, that "Defendant was significantly impaired by alcohol" when he committed the offense. The trial court sentenced Defendant to four to five months in the custody of the North Carolina Department of Corrections for the charge of speeding to elude. The trial court also sentenced Defendant to 120 days on the charge of impaired driving. It suspended that sentence upon Defendant's successful completion of 24 months' supervised probation.

Defendant filed a petition for expunction of the speeding to elude charge in Wake County Superior Court on 1 November 2018. As part of his petition, Defendant submitted affidavits of support from members of the community asserting that he has

good character and a good reputation in the community. The State opposed expunction because the charge for "fleeing to elude [was filed under] the same file number as DWI. This is an offense 'involving impaired driving.'" The trial court denied Defendant's petition for expunction, finding he was ineligible for an expunction because the offense "involve[d] impaired driving per [N.C. Gen. Stat. § ]15A-156.6(a)(8a)[.]"

## II. Jurisdiction

Defendants who have been denied the expunction of a conviction have no appeal as of right. *See* N.C. Gen. Stat. § 15A-1444 (2019). However, Defendant filed a petition for writ of certiorari on 14 June 2019, which this Court allowed on 3 July 2019.

## III. Analysis

Defendant contends that the lower court erroneously determined Defendant was ineligible for an expunction and, as a result, erroneously denied his expunction petition. We agree.

### A. Standard of Review

Whether to grant an expunction is a discretionary determination. North Carolina General Statutes § 15A-145.5(c) provides that a person convicted of a nonviolent misdemeanor or nonviolent felony, but who has no other misdemeanor or felony convictions other than traffic violations, may petition for expunction of that

person's criminal record. N.C. Gen. Stat. § 15A-145.5(c) (2019). If the trial court finds the petitioner eligible for expunction, "it *may* order that such person be restored . . . to the status the person occupied before such arrest or indictment or information." *Id.* (emphasis added). Given its discretionary nature, the review of a denial of an expunction will generally be reviewed solely for an abuse of discretion. *See Little v. Penn Ventilator Co.*, 317 N.C. 206, 217-18, 345 S.E.2d 204, 211-12 (1986) ("may" indicates discretion).

Here, however, Defendant alleges that the trial court misapplied our statutes in holding that it had no choice but to deny Defendant's expunction petition. Alleged errors in statutory interpretation are errors of law that we review de novo. *Armstrong v. N.C. State Bd. of Dental Examiners*, 129 N.C. App. 153, 156, 499 S.E.2d 462, 466 (1998); *see also State v. Cotton*, 318 N.C. 663, 668, 351 S.E.2d 277, 280 (1987) ("Where the trial court has discretion but erroneously fails to exercise it and rules as a matter of law, the prejudiced party is entitled to have the matter reconsidered."). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal marks and citation omitted). We therefore review the question of whether the trial court erroneously denied Defendant's expunction petition de novo.

B. Denial of Expunction Petition

- 4 -

Defendant contends that the trial court erred in concluding that the offense that Defendant sought to have removed from his criminal record "involve[d] impaired driving per [N.C. Gen. Stat. § ]15A-156.6(a)(8a)" and, as such, was ineligible for expunction.

Under N.C. Gen. Stat. § 15A-145.5(a)(8a), a petitioner is ineligible for an expunction of a conviction for "[a]n offense involving impaired driving as defined in G.S. 20-4.01(24a)." N.C. Gen. Stat. § 15A-145.5(a)(8a) (2019). North Carolina General Statutes § 20-4.01(24a) states:

> Offense Involving Impaired Driving. – Any of the following offenses:
>
> a. Impaired driving under G.S. 20-138.1.
>
> b. Any offense set forth under G.S. 20-141.4 when conviction is based upon impaired driving or a substantially similar offense under previous law.
>
> c. First or second degree murder under G.S. 14-17 or involuntary manslaughter under G.S. 14-18 when conviction is based upon impaired driving or a substantially similar offense under previous law.
>
> d. An offense committed in another jurisdiction which prohibits substantially similar conduct prohibited by the offenses in this subsection.
>
> e. A repealed or superseded offense substantially similar to impaired driving, including offenses under former G.S. 20-138 or G.S. 20-139.
>
> f. Impaired driving in a commercial motor vehicle under G.S. 20-138.2, except that convictions of impaired driving under G.S. 20-138.1 and G.S. 20-138.2 arising out of the

same transaction shall be considered a single conviction of an offense involving impaired driving for any purpose under this Chapter.

g. Habitual impaired driving under G.S. 20-138.5.

N.C. Gen. Stat. § 20-4.01(24a) (2019).

Here, the lower court denied Defendant's petition for expunction, finding Defendant not "eligible for an expunction of the offense[] listed . . . because [the offense] involves impaired driving per 15A-145.5(a)(8a)." As a matter of fact, the felonious fleeing to elude conviction Defendant seeks to have expunged here involved impaired driving; it arose from the same incident resulting in his DWI conviction. But the statutory regime defines expunction eligibility in term of the *offense* in question. Felonious speeding to elude arrest is not an *offense* involving impaired driving per N.C. Gen. Stat. § 20-4.01(24a). And, while it may seem counterintuitive that an offense committed while driving impaired is not an offense "involving impaired driving," the statutory definition controls in this inquiry. *See In re Clayton-Marcus Co.*, 286 N.C. 215, 219, 210 S.E.2d 199, 203 (1974) (noting that where a statute "contains the definition of a word used therein, that definition controls, however contrary to the ordinary meaning of the word it may be."). Therefore, the lower court's determination that Defendant was ineligible for an expunction of his fleeing to elude conviction was an error of law.

The State notes that even "a person with an eligible conviction is not entitled to expungement" because N.C. Gen. Stat. § 15A-145.5(c) grants trial courts the

discretion to grant or deny expunctions sought by eligible petitioners. We agree with the State that whether to grant an expunction is a discretionary matter, and that the trial court could have, in its discretion, denied Defendant's petition after considering, for example, that the sentencing court found Defendant was "significantly impaired by alcohol[.]" However, the trial court did not deny Defendant's petition as an exercise of discretion but rather because it found Defendant was ineligible for expunction; this determination reflects an error of law.

IV. Conclusion

Having concluded that the trial court made an error of law in determining that Defendant was ineligible for expunction of the offense of fleeing to elude arrest, we must reverse the denial of Defendant's petition for expunction and remand to the trial court for it to exercise its discretion in determining whether to grant the petition.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge STROUD concur.