IN THE SUPREME COURT OF NORTH CAROLINA

No. 351A22

Filed 15 December 2023

D.V. SHAH CORP.

v.

VROOMBRANDS, LLC, a North Carolina limited liability company, and VICTOR
OBAIKA

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of
the Court of Appeals, 286 N.C. App. 223 (2022), vacating an order entered on 10 June
2021 by Judge Karen Eady Williams in Superior Court, Mecklenburg County, and
remanding the case. Heard in the Supreme Court on 1 November 2023.

*Miller Austin Law, by Carol L. Austin, for plaintiff-appellant.*
*David P. Ferrell for defendant-appellees.*

RIGGS, Justice.

This appeal asks us to consider whether a trial court reversibly errs when it
declines to exercise its discretion to hear oral testimony at a summary judgment
hearing under the misapprehension that the North Carolina Rules of Civil Procedure
outright prohibit receipt of such testimony. We hold, consistent with our precedents,
that a trial court's failure to exercise its discretion under the mistaken belief that no
such discretion exists warrants vacatur, and we remand for reconsideration "in the
true legal light." *Capps v. Lynch*, 253 N.C. 18, 22 (1960) (cleaned up). We modify and
affirm the decision of the Court of Appeals vacating the trial court's summary

judgment order and remanding the case in accordance with our holding.

## I.    Factual Background and Procedural History

Plaintiff sued defendants by verified complaint for breach of a commercial lease in October 2019.  Defendants filed an answer and counterclaim for fraud through counsel on 1 June 2020, alleging plaintiff fraudulently induced them to enter into the commercial lease.  After the entry of several scheduling orders, limited discovery, and the withdrawal of defendants' counsel by consent, plaintiff moved for summary judgment in April 2021 on the claims alleged in its verified complaint.

Plaintiff's summary judgment motion was calendared for and heard on 24 May 2021.  By that point unrepresented, Mr. Obaika appeared *pro se* and requested a continuance; the trial court denied that request for reasons of futility and judicial economy.  Mr. Obaika also sought to introduce live testimony in opposition to plaintiff's motion and in support of his counterclaim for fraudulent inducement, but was interrupted by the trial court as follows:

> THE COURT:    I can't—I can't accept your statements because it's—it's along the lines of, like, testimonial.  I can't accept that in the context of a summary judgment hearing.  It has to be provided to the Court or in response to her affidavit and her documents.  It has to be provided by way of an affidavit.  And so [that is] why I asked whether an affidavit was submitted.

The trial court ultimately granted summary judgment for plaintiff on all claims, and defendants appealed to the Court of Appeals.

In a divided decision, a majority of the Court of Appeals vacated the trial

court's summary judgment order and remanded the case. *D.V. Shah Corp. v. VroomBrands, LLC*, 286 N.C. App. 223, 237–38 (2022). Judge Jackson concluded that vacatur and remand was required based on perceived violations of the trial court's scheduling orders, the Mecklenburg County Local Rules, and the North Carolina Rules of Civil Procedure. *Id.* at 232–37. According to Judge Jackson, these acts compelled the trial court to grant Mr. Obaika's request for a continuance. *Id.* at 237. Judge Dillon concurred in the result and wrote separately, reasoning that the trial court's failure to recognize and exercise its discretion to take oral testimony allowed by Rule 43(e) of the North Carolina Rules of Civil Procedure was reversible, prejudicial error. *Id.* at 238–39 (Dillon, J., concurring in result). Finally, Judge Tyson dissented, arguing that summary judgment was proper based on the evidence presented and that any errors committed by the trial court were not prejudicial. *Id.* at 241–46 (Tyson, J., dissenting). Plaintiff appeals to this Court based on the dissent.

## II. Analysis

As Judge Dillon rightly noted in his concurrence, *id.* at 238–39 (Dillon, J., concurring in result), we have long held that "[w]here . . . the court is clothed with discretion, but rules as a matter of law, without the exercise of discretion, the offended party is entitled to have the proposition reconsidered and passed upon as a discretionary matter," *Capps v. Lynch*, 253 N.C. 18, 22 (1960). This is no less true when the discretion is afforded by our Rules of Civil Procedure. *See, e.g., Byrd v. Mortenson*, 308 N.C. 536, 540 (1983) (vacating and remanding an order denying a

Rule 55(d) motion to set aside entries of default "because it appears that rather than exercising his *discretion*, the trial judge erroneously ruled as a *matter of law* that defendants had not demonstrated 'good cause' to justify setting aside the entries of default against them"). We consider the record and ruling "in context" to discern whether the trial court's decision was made under such a mistaken belief. *State v. Cotton*, 318 N.C. 663, 668 (1987). We will vacate and remand where "[t]here is nothing in the record to support a conclusion that [the trial court] *discretionarily*" rendered its decision. *Byrd*, 308 N.C. at 540.

Turning to the specific rule of civil procedure at issue in this case, Rule 43(e) plainly allows for the introduction of live oral testimony at a summary judgment hearing in the trial court's discretion: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court *may* direct that the matter be heard wholly or partly on oral testimony or depositions." N.C.G.S. § 1A-1, Rule 43(e) (2021) (emphasis added). This Court has explicitly held as much. *Kessing v. Nat'l Mortg. Corp.*, 278 N.C. 523, 533 (1971).

The record here demonstrates the trial court believed it entirely lacked the discretion to hear oral testimony afforded to it by Rule 43(e). As in other cases remedying similar errors, *see, e.g., Byrd*, 308 N.C. at 540, nothing in the transcript suggests that the trial court understood it possessed discretion to allow Mr. Obaika to testify. The natural effect of this ruling was to prohibit Mr. Obaika from

introducing evidence concerning any fraudulent inducement, itself a defense to a breach of contract claim and a basis for a counterclaim for damages. *Fields v. Brown*, 160 N.C. 295, 298 (1912). Having "failed to exercise its discretion regarding a discretionary matter and . . . ruled on it under the mistaken impression it [was] required to rule a particular way as a matter of law, [the trial court's] holding must be reversed and the matter remanded for the trial court to exercise its discretion." *Lemons v. Old Hickory Council, Boy Scouts of Am., Inc.*, 322 N.C. 271, 277 (1988). Consistent with the rationale stated in Judge Dillon's concurring opinion—rather than that enunciated by Judge Jackson in the majority opinion for the court—we modify and affirm the decision of the Court of Appeals. We decline to address the parties' other arguments raised in this appeal given our dispositive holding that vacatur and remand is required.

MODIFIED AND AFFIRMED.